Margaret WALSH, Appellant,

v.

Doris EMERICK, Appellee.

No. 4655.

Supreme Court of Alaska.

May 2, 1980.

Daniel L. Callahan and Paul Canarsky, Alaska Legal Serv. Corp., Fairbanks, for appellant.

Barry Donnellan, Anchorage, for appellee.

Before RABINOWITZ, C. J., and CONNOR, BOOCHEVER, BURKE and MATTHEWS, JJ.

## OPINION

**PER CURIAM.**

This appeal arises from a quiet title action involving a claim of adverse possession. It concerns two adjacent, unimproved lots, numbers seven and eight, located in Delta Junction, Alaska.

On June 21, 1960, Marie Louise McIntire, a/k/a Mary Louise Strout, executed two

warranty deeds, identical in form. The first deed purported to convey the above mentioned lots to Bryan and Margaret Walsh. The second deed was to Rollie and Doris Emerick. Both deeds were recorded by Rollie Emerick, but the deed to the Walshes was recorded first. It seems that the first deed was intended as the actual conveyance, and the second as an assignment of McIntire's right to receive payments from the Walshes. In fact, the state, on March 3, 1960, had acquired title to lot eight in a foreclosure action against the then record owner, Calvin Carroll, pursuant to the Alaska Land Registration Law, AS 34.10.[1]

In October 1962, the Emericks sued the Walshes, claiming that they had not made payment for the land as agreed. In June 1964, the superior court entered judgment in favor of the Emericks, and ordered that the two lots be sold and the proceeds divided. There is no indication that any of the parties or the court realized that lot eight had been previously foreclosed upon by the state.

No sale ever occurred. Instead, sometime around 1964, the Emericks took possession of the land. They made an excavation for a basement that was about six feet deep, straddling the common lot line, with the apparent intention of building a residence. However, Rollie Emerick died in 1966 and Doris left Alaska the following year. The Emericks' improvements on the two lots were limited to the excavation.

█ In 1977, Doris Emerick filed a quiet title action, alleging that she had acquired title to both lots by adverse possession. Margaret Walsh[2] disputed Emerick's claim, contending that she had superior title under the warranty deed recorded in 1961. The matter was heard in December 1978, by the superior court sitting without a jury. The

---

1. Under AS 34.10.220, Carroll or his assigns may repurchase the property for a nominal sum, representing the penalty for not filing a registration statement and interest on that penalty.

2. Margaret Walsh apparently was never married to Bryan Walsh. Bryan is now dead.

court entered judgment in favor of Doris Emerick.[3] Margaret Walsh then appealed.[4]

We note first that Walsh's contentions raise a legal issue, rather than a factual one, so that we are not narrowly restricted in our review of the case. As we stated in *Peters v. Juneau-Douglas Girl Scout Council*, 519 P.2d 826 (Alaska 1974):

> In the present case . . . our decision depends primarily upon the validity or invalidity of the trial court's legal analysis, not its factual findings. The content of a particular legal doctrine, and what the facts of this case establish under such doctrine is the central issue in the case. Appellant . . . does not for the most part seek a reweighing of the evidence, but rather a reversal for failure to apply the proper standard of law. On questions of law, this court is not bound by the lower court's view and, consequently, we do not apply the "clearly erroneous" standard of review.

*Id.* at 833–34. We note also that "[u]noccupied land is presumed to be in the constructive possession of the true owner or the party with better title." *Shilts v. Young*, 567 P.2d 769, 772 (Alaska 1977) (footnote omitted). Emerick concedes that as between the parties, the better record title lies with Walsh by virtue of her first recorded deed.

"[T]he burden rests on the party claiming title by adverse possession to show a distinct and positive assertion of a right hostile to the owner." *Id.* at 773 (footnote omitted). Thus, in order to prevail in the court below, Emerick was required to show "uninterrupted adverse notorious possession" during the period necessary to acquire title to the property by adverse possession AS 09.25.050.[5] In *Alaska National Bank v. Linck*, 559 P.2d 1049 (Alaska 1977), this requirement was said to involve three concepts:

> (1) the possession must have been continuous and uninterrupted; (2) the possessor must have acted as if he were the owner and not merely one acting with the permission of the owner; and (3) the possession must have been reasonably visible to the record owner. *See* 7 R. Powell, The Law of Real Property, §§ 1013–15 (1968).

*Id.* at 1052. The evidence in this case, we believe, fell considerably short of the required standard.

The period during which the Emericks had actual possession of the property was quite short. Their only activity on the property during that period was the excavation already described. In 1967, soon after her husband's death, Doris Emerick left the state, and the property, thereafter, remained undisturbed and apparently unoccu-

---

3. AS 38.95.010 provides:
   *State's interest may not be obtained by adverse possession or prescription.* No prescription or statute of limitations runs against the title or interest of the state to land under the jurisdiction of the state. No title or interest to land under the jurisdiction of the state may be acquired by adverse possession or prescription, or in any other manner except by conveyance from the state.
   Accordingly, as to lot eight, the court ruled that Emerick had only the right to redeem the property from the state. As to lot seven, the court ruled that she had acquired title by adverse possession.

4. We find no merit to Emerick's arguments that Walsh is without standing to prosecute this appeal.

5. There are two statutes governing claims based upon adverse possession. AS 09.10.030 establishes a ten-year limit for actions to recover real property where the claim is not made under color of title. AS 09.25.050 provides that the "uninterrupted adverse notorious possession of real property under color and claim of title for seven years or more is conclusively presumed to give title to the property." The difference is unimportant here, as Emerick was either in adverse possession for over ten years or less than seven. *See Shilts v. Young*, 567 P.2d 769, 775 (Alaska 1977).

pied. Although the excavation remained on the property, that alone was not enough to constitute "continuous and uninterrupted" possession by Emerick. *See Hemon v. Rowe Chevrolet Co.*, 108 N.H. 11, 226 A.2d 792 (1967) (abandoned sidewalk); *Goen v. Sansbury*, 219 Md. 289, 149 A.2d 17 (1959) (land prepared for subdivision, but plans there abandoned). While the record does not indicate the present condition of the excavation, we take judicial notice of the fact that such an excavation will normally erode if not maintained. Such erosion would suggest that those making the excavation have abandoned their efforts. Hence, we conclude that there were no indices of possession that would be visible to a "duly alert owner." *Alaska National Bank v. Link*, 559 P.2d at 1053, *quoting* 7 R. Powell, The Law of Real Property § 1013, at 714 (1968). In *Peters v. Juneau-Douglas Girl Scout Council*, 519 P.2d 826 (Alaska 1974), we stated:

> From the standpoint of the true owner, the purpose of the various requirements of adverse possession—that the nonpermissive use be actual, open, notorious, continuous, exclusive and hostile—is to put him on notice of the hostile nature of the possession so that he, the owner, may take steps to vindicate his rights by legal action.

*Id.* at 832. Emerick's possession, we believe, was simply not of such a nature as to satisfy this important purpose.[6]

The judgment of the superior court is REVERSED.[7]

---

6. The community of Delta Junction apparently regards Emerick as the owner of the lots, as shown by the fact that the fire department asked for her permission to conduct an exercise on the land. But community repute of ownership, "without evidence of possession on the land, is not alone sufficient" to establish adverse possession. *Shilts v. Young*, 567 P.2d at 776.

7. Our decision in this case does not foreclose Emerick from attempting to establish title to the property by some other means. It deals only with her claim that she acquired title to the property by adverse possession.