John W. ROBERTS and Ronald A. Jaeger, Appellants,

v.

Francis E. BROOKS and Sarah A. Brooks, Appellees.

No. 5616.

Supreme Court of Alaska.

Aug. 13, 1982.

Arthur L. Robson, Fairbanks, for appellants.

Barry Donnellan, Fairbanks, for appellees.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

OPINION

CONNOR, Justice.

Plaintiffs, Francis and Sarah Brooks, brought suit to quiet title to certain real property, claiming that they had acquired title thereto by adverse possession. The record owners, John Roberts and Ronald Jaeger, counterclaimed, alleging forcible entry and detainer and seeking to quiet their own title to the property and to recover punitive damages. After a nonjury trial, judgment was entered awarding a portion of the claimed property to the Brookses. The judgment was subsequently altered to award title to the entire claimed parcel to the Brookses. Roberts and Jaeger now appeal.

The property in dispute is a portion of a residential lot in Fairbanks. In 1962, the Brookses purchased lot 17, Tract E of Graehl Townsite, Fairbanks. They moved into a house which they believed was located on lot 17; in reality, the house straddled the border between lot 17 and the adjacent lot. From 1962 to the present, the Brookses have used a portion of the adjacent lot to store cars, wood and coal.

In 1973, Roberts and Jaeger purchased legal title to the adjacent lot, designated as lot 11A. A survey of the property in 1974 revealed that the Brookses' house lay partially on lot 11A. Roberts and Jaeger spoke with Mr. Brooks in an attempt to reach an

amicable settlement of the boundary between their property and his, but nothing came of these discussions. In 1979, the Brookses brought this action seeking title to a portion of lot 11A adjacent to lot 17. The parcel, described by metes and bounds, is triangular with one side facing Front Street and measuring 55.48 feet.[1]

Following a nonjury trial on June 4, 1980, Judge Blair drew on a map what he thought the evidence established as "a fair award." His decision was to award the Brookses a parcel of land measuring 25 feet on the side facing Front Street. Stating that "I guess you're gaining something by this," Judge Blair directed the Brookses' attorney to prepare findings of fact and conclusions of law. Finding of fact no. 4 indicated that the Brookses were in "continuous, exclusive, open, notorious and hostile possession" of the entire claimed parcel from 1962 to 1973. The conclusions of law, however, indicated that they were entitled only to the portion described at trial. Thus, a logical inconsistency was created, since the Brookses were found to have adversely possessed the entire parcel, but were awarded less than that amount. Judge Blair signed the findings of fact and conclusions of law on June 27, 1980, and entered judgment awarding the Brookses the smaller parcel on August 21, 1980. Neither party was awarded costs or attorney's fees.

Four days after the judgment was entered, the Brookses moved to alter the judgment under Civil Rule 59(f),[2] arguing that under the findings of fact they were enti-

tled as a matter of law to recover the entire parcel they had sought. Roberts and Jaeger opposed the motion on the grounds that the evidence at trial did not establish the requisite hostile and adverse use of the entire area.[3] Without giving any reasons, Judge Blair granted the alteration. In addition, the Brookses were awarded $250 in attorney's fees. Roberts and Jaeger appeal the altered judgment and the award of attorney's fees.

We conclude that this case must be remanded to the superior court for more complete findings of fact and for an explanation of the ruling on the motion to alter the judgment. Civil Rule 52(a) requires findings of fact in nonjury trials, and we have repeatedly stated that the findings must be sufficient in quality and quantity to facilitate intelligent review on appeal. *State v. Kaatz*, 572 P.2d 775, 781 (Alaska 1977); *State v. I'Anson*, 529 P.2d 188, 197 (Alaska 1974); *State v. Abbott*, 498 P.2d 712, 730 (Alaska 1972). This includes as much of the subsidiary facts as is necessary to give the reviewing court a clear understanding of the basis of the trial court's decision. *State v. Kaatz*, 572 P.2d at 781; *Stock & Grove, Inc. v. City of Juneau*, 403 P.2d 171, 176, 177 (Alaska 1965).

The sole "finding of fact" relating to adverse possession in this case was:

"4. From May 25, 1962, to June 5, 1973, plaintiffs were in continuous, exclusive, open, notorious and hostile possession of [the entire claimed parcel]."[4]

---

1. *See* Appendix.

2. Civil Rule 59(f) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

3. Roberts and Jaeger conceded from the beginning that the Brookses were entitled to the land beneath their house and an additional amount necessary to the use and enjoyment of that land. On appeal, Roberts and Jaeger concede that the Brookses are entitled to the entire amount in the original award. Hence, the only property in dispute is the additional parcel awarded in the altered judgment.

4. Title by adverse possession is established by a showing of continuous, hostile and notorious possession for a period of ten years. AS 09.-10.030; *Penn v. Ivey*, 615 P.2d 1, 3 (Alaska 1980); *Walsh v. Emerick*, 611 P.2d 28, 30 (Alaska 1980). Whether an adverse possession claim has been established is a legal question. *Walsh v. Emerick*, 611 P.2d 28, 30 (Alaska 1980); *Shilts v. Young*, 567 P.2d 769, 775 (Alaska 1977); *Peters v. Juneau-Douglas Girl Scout Council*, 519 P.2d 826, 833–34 (Alaska 1974). Thus, finding of fact no. 4 is actually a conclusion of law.

The court made no subsidiary findings which would enable us to understand the steps by which it reached this ultimate conclusion. The findings of fact and conclusions of law are inadequate to satisfy the requirements of Civil Rule 52(a). On remand, the court need only address the "hostility" element of the adverse possession claim, since Roberts and Jaeger concede that the other elements have been met.

On the record before us, we are also unable to determine whether Judge Blair abused his discretion in granting the Brookses' motion to alter the judgment because he did not explain his reasons for doing so. Although by its terms Rule 52(a) does not require findings on decisions of motions under Rule 59(f),[5] we think that the reason for requiring findings, *i.e.* to facilitate review, compels remand in this case. It is quite possible that Judge Blair changed his mind and decided that the evidence supported an award of the entire claimed parcel. Or, it is equally plausible that he forgot the basis of his original award, and was merely attempting to cure the logical inconsistency in the findings of fact and conclusions of law prepared by the Brookses' attorney. Since there is no indication of the basis of Judge Blair's Rule 59(f) ruling, we remand for a statement of reasons.

In the meantime, we retain jurisdiction of the case.[6]

---

**5.** The last sentence of Rule 52(a) reads: "Findings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 or 56 or *any other motion* except as provided in Rule 41(b)." (emphasis added).

**6.** Since the award of attorney's fees is dependent on the outcome of this appeal, we will postpone discussion of the issue until we have ruled on the merits.