Lonnie T. BYARS, Appellant,

v.

Avril K. BYARS, Appellee.

No. S–7396.

Supreme Court of Alaska.

Sept. 5, 1997.

Maryann E. Foley, Anchorage, for Appellant.

Patrick J. McKay, Law Offices of Patrick J. McKay, Anchorage, for Appellee.

Before COMPTON, C.J., and MATTHEWS, EASTAUGH, FABE and BRYNER, JJ.

## OPINION

FABE, Justice.

### I. INTRODUCTION

Lonnie Byars appeals the superior court's order that he pay child support arrearages, challenging the court's findings of fact, its denial of his motion for reconsideration, and its award of attorney's fees. We affirm.

### II. FACTS AND PROCEEDINGS

Lonnie and Avril Byars [1] were divorced in 1974. Avril was awarded custody of their

---

1. Avril has remarried and her name is now Avril Ogilvie.

daughter, Sherri, and Lonnie was ordered to pay child support in the amount of $100 per month. Lonnie fell behind on his child support, and in 1978, the superior court approved a stipulation in which Lonnie agreed to pay $3,000 in back child support and consented to an increase in his child support payment from $100 to $175 per month, plus 7.5% of his income.

Once again, Lonnie fell behind in his support obligation, ceasing any payment of child support after March 2, 1979. In 1986 Avril filed a motion to reduce child support arrears to judgment. The parties negotiated a second settlement in which Lonnie agreed to pay a total sum of $15,000 with the following payment schedule:

$3,000 on August 26, 1988;

$2,000 by October 1, 1988;

$5,000 by August 1, 1989; and

$5,000 by August 1, 1990.

Lonnie's attorney drafted the stipulated order formalizing the parties' agreement. Paragraph four of the order provided in part:

4. These payments are contingent upon Mr. Byars receiving prompt, full and accurate notification from the Plaintiff, by registered mail, return receipt requested, by July 15, 1989 and July 15, 1990, and upon any change in address or phone number for their daughter Sherri Byars, within ten (10) days of Plaintiff being notified of that change in address or phone number.

Lonnie made the two scheduled payments totaling $5,000 in 1988, but he only made a partial payment of $2,525 in August 1989. He made no further payments.

Avril again filed a motion with the court to reduce child support arrearages to judgment. Lonnie opposed on the ground that his duty to make further scheduled payments pursuant to the agreement was excused by Avril's failure to satisfy the condition that she notify him via *registered* mail of Sherri's address and phone number by July 15, 1989 and July 15, 1990. Lonnie also questioned whether he had been credited with a tuition payment made directly to Sherri's college.

After reviewing the submissions of the parties, the superior court found that on July 10, 1989, Avril sent a letter to both Lonnie and his attorney notifying them of Sherri's address. Lonnie's attorney forwarded this letter to Lonnie on August 1, 1989. The superior court also found that Sherri attempted to inform her father by letter of her whereabouts in 1989. The court concluded that although Avril's letters may not have been sent by registered mail as specified in the agreement, "Ms. Ogilvie made a good faith effort, and substantially complied with the terms of the ... agreement with regard to informing Mr. Byars of the address in 1989." The court also found that when "Mr. Byars did not make the payment of $5,000 ordered to be made on August 1, 1989," he breached the agreement, excusing Avril's failure to send the second required notification of Sherri's address in July 1990.

In its order containing these findings, the superior court concluded that Lonnie owed Avril the claimed child support and directed Lonnie to "submit to the court proof of the amounts he sent to Sherri's school, and the amounts refunded to him with receipts within thirty (30) days of the clerk's distribution of [the] order."

Although dated December 9, 1994, the superior court's order inadvertently was not distributed to the parties by the court. In October 1995, the superior court entered judgment against Lonnie in the principal amount of $7,475,[2] plus interest in the amount of $4,324.02, and Rule 82 attorney's fees in the amount of $2,123.82, for a total judgment of $13,922.84. Lonnie moved for reconsideration, arguing that the superior court had failed to enter findings of fact and conclusions of law as required under Alaska R. Civ. P. 52(a). He also claimed that the attorney's fees awarded to Avril were excessive. The court denied this motion, directing the parties' attention to its findings of December 9, 1994 and stating that no further findings were necessary. The court also noted that it was under no obligation to make

---

**2.** The parties agree that this is the amount that Lonnie has failed to pay despite the stipulated order.

findings for an attorney's fees award in accordance with the Rule 82(b)(1) schedule. The court's fee award to Avril represents 18% of her judgment, the rate prescribed by Rule 82(b)(1) for judgments in cases that are contested but do not go to trial.

Lonnie appeals the superior court's findings of fact contained in its December 9, 1994 order, the denial of his motion for reconsideration, and the award of attorney's fees to Avril.

## III. DISCUSSION

### A. The Superior Court's Order of December 9, 1994

In its December 9, 1994 order, the superior court found that "Ms. Ogilvie made a good faith effort" to inform Lonnie of Sherri's change of address as required in paragraph 4 of the stipulated order, and therefore "substantially complied with the terms of the 1988 agreement with regard to informing Mr. Byars of the address in 1989." Furthermore, the court found that Lonnie's partial payment in 1989 was "not substantial completion of the agreement, and that this amounted to a breach of the agreement, excusing Ms. Ogilvie's failure to comply with the agreement to send notification of the address by July 15, 1990."

■ Lonnie contends that the trial court's conclusion that Avril substantially complied with the stipulated order by notifying him through his attorney of Sherri's address via regular mail was erroneous.[3] Lonnie maintains that Avril's obligation to notify him on July 15, 1989 and 1990 of Sherri's address by registered mail was a condition precedent to his duty to make the agreed upon payments

to Sherri. Lonnie's argument is devoid of merit.

■ Whether or not he received the letter that Avril sent to him directly, it is undisputed that Lonnie had actual notice of Sherri's address and phone number, having received from his lawyer a copy of Avril's letter. Furthermore, Lonnie possessed Sherri's phone number at the time the 1989 payment was due and, in fact, talked with her by phone in July 1989.

■ The fact that Lonnie had actual notice of Sherri's address and phone number and the ability to contact her in July 1989 cures any deficiencies in the notice given. *Cf. Neal & Co. v. City of Dillingham*, 923 P.2d 89, 92 (Alaska 1996) ("[T]imely actual notice, even in the absence of written notice, will be considered sufficient notice under the [contract] clause."). Furthermore, the requirement that Avril use registered mail to notify Lonnie of Sherri's address was not a material element of their agreement. Rather, the primary purpose of their stipulation was to require Lonnie to pay $15,000 in satisfaction of Avril's claim against him for past due child support. The obvious intent of the notice provision was to ensure that Lonnie receive "prompt, full and accurate notification" of Sherri's address. Because Lonnie received actual notice of Sherri's whereabouts, his duty to pay Sherri the agreed amount in 1989 was not excused. Furthermore, as the trial court concluded, Lonnie's failure to make the required payment in 1989 amounted to a breach of the agreement and excused Avril from further obligation to provide notice of Sherri's address by July 15, 1990.[4]

---

3. We review issues of law *de novo*. *Walsh v. Emerick*, 611 P.2d 28, 30 (Alaska 1980). Under this standard, it is our duty "to adopt the rule of law that is most persuasive in light of precedent, reason and policy." *Guin v. Ha*, 591 P.2d 1281, 1284 n. 6 (Alaska 1979).

4. Lonnie also contends that the denial of reconsideration was clearly erroneous because it was based upon the court's mistaken impression that Lonnie had received the December 9, 1994 order and had failed to comply with its requirement that he submit proof of the tuition payments made to Sherri's college in 1989. The trial

court's reference in its denial of reconsideration to Mr. Byars's failure to submit proof of the amount paid in 1989 was not the basis for its denial of the motion.

Avril, moreover, correctly points out that Lonnie did not suffer any prejudice from the court's failure to circulate the order; the trial court's October 1995 final judgment reflected a credit for Lonnie's claimed tuition payments. Because the superior court took at face value Lonnie's claimed credits for support payments, there is no purpose for remanding this matter to the trial court.

### B. The Superior Court's Award of Attorney's Fees

We review the award of attorney's fees under the abuse of discretion standard. *Patch v. Patch*, 760 P.2d 526, 530 (Alaska 1988). Attorney's fees awards made pursuant to the schedule in Civil Rule 82(b)(1) are presumptively correct. The prevailing party bears no burden to justify such awards, and no findings by the court are necessary. *Babinec v. Yabuki*, 799 P.2d 1325, 1337 (Alaska 1990).

It is apparent that the superior court followed the schedule in Rule 82(b)(1) in awarding attorney's fees to Avril.[5] Lonnie argues that the superior court should have varied the award of attorney's fees in this case pursuant to Rule 82(b)(3)(C) and (H), which provide that the court may vary a scheduled attorney's fee award calculated under the rule if the court determines a variation is warranted due to "the reasonableness of the attorney's hourly rates and the number of hours expended" or "the relationship between the amount of work performed and the significance of the matters at stake." A review of the record suggests that it is likely that Avril's legal expenses far exceeded the statutory amount awarded. There is no evidence in the record suggesting that a variation downward from the schedule was appropriate, nor that the superior court abused its discretion in following the statutory schedule. Therefore, we affirm the superior court's award of attorney's fees.

## IV. CONCLUSION

Based upon the foregoing, we AFFIRM the superior court's findings of fact, its denial of Lonnie's motion for reconsideration, and its award of attorney's fees.

---

5. The schedule provides for attorney's fees to be 18% of the judgment and prejudgment interest if the matter was contested but did not go to trial. The amount of attorney's fees awarded to Avril, $2,123.82, is precisely 18% of the money judgment and prejudgment interest awarded to Avril by the court: $11,799.02.