NOTICE

*Memorandum decisions of this court do not create legal precedent. A party wishing to cite such a decision in a brief or at oral argument should review Alaska Appellate Rule 214(d).*

THE SUPREME COURT OF THE STATE OF ALASKA

|  |  |  |
|---|---|---|
| MICHAEL JOHNSON, | ) | |
| | ) | Supreme Court No. S-16971 |
| Appellant, | ) | |
| | ) | Superior Court No. 3AN-17-06166 CI |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| MANDY WILSON, | ) | AND JUDGMENT* |
| | ) | |
| Appellee. | ) | No. 1713 – February 20, 2019 |
| | ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Dani Crosby, Judge.

Appearances: Darryl L. Jones, Anchorage, for Appellant. Whitney-Marie K. Bostick, Law Office of Carl D. Cook, P.C., Anchorage, for Appellee.

Before: Bolger, Chief Justice, Winfree, Stowers, Maassen, and Carney, Justices.

## I. INTRODUCTION

A mother filed a complaint seeking primary physical custody of her young child and declaring her intent to move to Idaho, home of her extended family. The child's father sought shared physical custody, alleging that the mother was moving only to make it more difficult for him to spend time with the child. Following an evidentiary hearing, the superior court determined that the mother's reasons for moving were

---

\*      Entered under Alaska Appellate Rule 214.

legitimate and that the best interests analysis favored awarding primary physical custody to her.

The father appeals. We conclude that the superior court did not clearly err in its findings about the mother's motives or abuse its discretion in the way it conducted its analysis, and we therefore affirm the court's order.

## II.    FACTS AND PROCEEDINGS

Mandy Wilson and Michael Johnson have a son, born in November 2016. Wilson is from Idaho, where her parents and much of her extended family still live. While she and Johnson were together they discussed eventually moving to Idaho, but they put off acting on these plans until Johnson vested in his retirement, then two years away. They separated in April 2017.

Wilson filed a complaint in superior court, announcing her intent to move to Idaho shortly and seeking sole legal and primary physical custody of the child. Johnson counterclaimed for joint legal and shared physical custody. Trial was held over three days in late 2017.

The superior court found Wilson's desire to move legitimate, citing her family ties in Idaho, her long-expressed desire to return there, and the parties' plans to move there eventually as a couple. Turning to the best interests factors,[1] the court found that most of them did not tilt strongly one way or the other but that Wilson was better able to meet the child's needs, both here and in Idaho, and had a more stable home environment. The court found that overall the factors favored an award of primary physical custody to Wilson but that the parties were "capable of communicating effectively such that legal custody should be joint."

Johnson appeals this custody order.

---

[1]    *See* AS 25.24.150(c).

## III.   STANDARD OF REVIEW

The superior court has broad discretion in child custody matters.[2]  We will reverse its factual findings only upon a showing of clear error, that is, when our review leaves us with "a definite and firm conviction" that a mistake has been made.[3]  We will reverse a custody decision only when there is an abuse of discretion — that is, when the superior court has "considered improper factors in making its custody determination, failed to consider statutorily mandated factors, or assigned disproportionate weight to particular factors while ignoring others."[4]  Whether the superior court applied the correct standard in deciding custody is a legal question we review de novo.[5]

## IV.   DISCUSSION

Johnson argues a single point on appeal: that the "trial court erred in allowing the move to Idaho with the minor child."[6]  Our case law mandates a two-part inquiry when a parent seeking custody intends to relocate.  First, the superior court must determine whether the "reasons for the planned move are 'legitimate.' "[7]  A "legitimate" move is one that is "not primarily motivated by a desire to make visitation . . . more

---

[2]     *Judd v. Burns*, 397 P.3d 331, 335 (Alaska 2017).

[3]     *Id.*

[4]     *Id.*

[5]     *Moeller-Prokosch v. Prokosch*, 27 P.3d 314, 316 (Alaska 2001) (*Moeller-Prokosch I*).

[6]     A court in a custody case neither allows nor prohibits a parent's move to another state.  It is the court's task to decide custody in light of the parent's plans to move, based on the perceived legitimacy of the move and the child's best interests.  *Id.* at 317.

[7]     *Eniero v. Brekke*, 192 P.3d 147, 150 (Alaska 2008).

difficult."[8]  The court cannot "hold [a legitimate move] against the party who proposes to move."[9]  The court's second step is a best interests analysis, which in this context necessarily involves " 'symmetric consideration' of the child's experience living with each parent, assuming the proposed relocation will take place."[10]

If the parent has secondary and illegitimate reasons for moving, the court does not ignore these but rather takes them into account in the best interests analysis.[11] For example, if a parent has a secondary motive of making visitation more difficult, the court should consider this as part of the inquiry into the parent's "willingness to foster communication between the child and the other parent."[12]

Johnson complains that the superior court, in deciding that Wilson's move was legitimate, only considered "the fact that, when still a couple, [Johnson] had agreed to move with [Wilson], [Wilson] had previously considered moving out of state[,] and she continued in her desire to move without [Johnson]."  Johnson claims that this "inquiry was far too simplistic" and that it failed to "address other relevant facts in

---

[8]     *Moeller-Prokosch I*, 27 P.3d at 316 (alteration in original) (quoting *House v. House*, 779 P.2d 1204, 1208 (Alaska 1989)).

[9]     *Moeller-Prokosch v. Prokosch*, 53 P.3d 152, 155 (Alaska 2002) (*Moeller-Prokosch II*).

[10]     *Rego v. Rego*, 259 P.3d 447, 454 (Alaska 2011) (quoting *Moeller-Prokosch v. Prokosch*, 99 P.3d 531, 535-36 (Alaska 2004) (*Moeller-Prokosch III*)); *Moeller-Prokosch III*, 99 P.3d at 535-36 ("Performing the best interests analysis based on [the mother's] assumed move requires symmetric consideration of the consequences to [the son] both if she leaves with him and if she leaves without him.").

[11]     *Eniero*, 192 P.3d at 150 ("Thus, even motives that are not the 'primary motivation' for a move can be taken into account in the best interests analysis.").

[12]     *Id.* (referring to the factor codified at AS 25.24.150(c)(6)).

considering whether the move . . . was for legitimate reasons." But we find no error in the superior court's analysis.

First, the facts underlying the court's finding that Wilson's move was primarily for legitimate reasons were uncontested. Wilson is from Idaho, her extended family remains there, and when she and Johnson were together they made plans to eventually move there. Johnson sought to characterize the move as illegitimate because Wilson accelerated the timing of the move by about 16 months once the couple separated. But the original reason for the delay was to allow Johnson to vest in his retirement, which, as the superior court recognized, ceased to matter to Wilson following their separation. The superior court did not clearly err by finding that Wilson had substantive and legitimate reasons for moving that predated the custody dispute and thus could not have been primarily motivated to interfere with Johnson's visitation.

In Johnson's view, however, the court overlooked "relevant facts" tending to show that Wilson's move to Idaho was part of a pattern of limiting his contact with the child. These facts include Wilson's alleged rejection of Johnson's other children and refusal to allow them to bond with her son; her restrictions on Johnson's visiting time; her association with Johnson's ex-wife, including testifying on her behalf at a domestic violence hearing at which the ex-wife sought a restraining order against Johnson; and Wilson's "likely orchestrat[ion]" of a visit to Johnson's home by the Office of Children's Services (OCS).

But the record shows that the superior court took Johnson's claims of ulterior motive seriously, asking him a number of questions to clarify his views on the topic and, toward the end of trial, encouraging his counsel to focus on the move's legitimacy. Having heard the evidence, and having found that Wilson's primary reason for moving was legitimate, the court properly went on to consider secondary motives in

its discussion of best interests.[13] In the context of each parent's "willingness and ability . . . to facilitate and encourage a close and continuing relationship" with the other parent,[14] the court discussed extensively Johnson's claim that Wilson was unfairly limiting his access to their child, finding the evidence "mixed": the evidence "suggested that [Wilson] holds [the child] captive when her desires or demands are not met," but "[o]n the other hand there was testimony and exhibits that established she's been very good in the last few months" at keeping Johnson informed about their child "on [a] nearly day-to-day . . . basis." In the same context, the court found "disturbing" and "concerning" the testimony of Wilson's ex-husband that she was willing to manipulate the facts in a custody dispute he was having with his former wife in order to limit the former wife's contact with a child of that marriage. The court said it had "thought about [this evidence] a great deal" and concluded that it favored Johnson. On the other hand, the court found insufficient evidence to conclude that Wilson had instigated the OCS investigation of Johnson's household, as Johnson alleged.

The superior court's findings and conclusions "need only be 'sufficient in quality and quantity to facilitate intelligent review on appeal.' "[15] Although the court in this case did not directly address all of Johnson's factual allegations, its discussion of the evidence it considered important is detailed and clear. It recited the evidence supporting its finding about Wilson's primary, legitimate motive and, having found that any ulterior motive was at best secondary, went on to carefully weigh Johnson's allegations in its best interests analysis. There was no abuse of discretion in the way the court conducted the

---

[13]   *See id.*

[14]   AS 25.24.150(c)(6).

[15]   *Fletcher v. Trademark Constr., Inc.*, 80 P.3d 725, 730 (Alaska 2003) (quoting *Roberts v. Brooks*, 649 P.2d 710, 711 (Alaska 1982)).

analysis or any clear error in its findings of fact, and we therefore affirm its custody order.

## V. CONCLUSION

We AFFIRM the superior court's order awarding primary physical custody to Wilson.