**CONNECTICUT TRAUMATIC BRAIN INJURY ASSOCIATION, et al.**

v.

**Michael HOGAN, et al.**

**Civ. No. 2:90CV97 (PCD).**

United States District Court, D. Connecticut.

April 4, 1995.

Betty J. Taylor, Granby, CT, David C. Shaw, Catherine E. Cushman, State of Conn., Office of Protection & Advocacy for Persons with Disabilities, Irene P. Romanelli, Hartford, CT, for plaintiffs Connecticut Traumatic Brain Injury Ass'n, Inc., Connecticut Ass'n for Retarded Citizens, Inc., Burton Hawley, Jr. by Father and Conservator Burton Hawley, David Smith by Mother and Conservator Delores Smith, Ramona Medina by Sister and Next Friend, Marilyn Medina, Diane Chapman by Mother and Next Friend, Mary Chapman, Joseph Green by Mother and Next Friend, Sara Green, Robert Scully, Jr. by Father and Next Friend Robert Scully.

Jane D. Comerford, Paul J. Lahey, Atty. Gen. Office, Health & Human Services, Hartford, CT, for defendant Dept. of Mental Health, Michael F. Hogan, Comm., Dennis Angelini, M.D., Superintendent, Fairfield Hills Hosp.

Martin Rosenfeld, Atty. Gen. Office, Public Safety & Special Revenue, James P. Welsh, Atty. Gen. Office, Education/Dmr. Dept., Hartford, CT, for defendant Dept. of Mental Retardation, Toni Richardson, Comm.

Jennifer C. Jaff, Atty. Gen. Office, Jane D. Comerford, Paul J. Lahey, Atty. Gen. Office, Health & Human Services, Hartford, CT, for defendants Garrell S. Mullaney, Superintendent, Norwich Hosp. and Albert J. Solnit, Dr., Com'r, Conn. Dept. of Mental Health.

Henry S. Cohn, Atty. Gen. Office, Sp. Litigation, Hartford, CT, Betty J. Taylor, Granby, CT, David C. Shaw, Catherine E. Cushman, State of Conn., Office of Protection & Advocacy for Persons with Disabilities, Irene P. Romanelli, Hartford, CT, for defendant

Linda Salafia, Honorable Judge, Norwich Probate Court.

Henry S. Cohn, Atty. Gen. Office, Sp. Litigation, Hartford, CT, for defendant Hon. Merlin Fisk, Judge, Newtown Probate Court.

Jennifer C. Jaff, Atty. Gen. Office, Hartford, CT, for defendants Lewis Lippner, Superintendent, Fairfield Hills Hosp., Judith Normandin.

Allyn L. Brown, Jr., Brown, Jacobson, Tillinghast, Lahan & King, Norwich, CT, for defendant William W. Backus Hosp.

Henry A. Salton, Atty. Gen. Office, Health & Human Services, Hartford, CT, for all defendants.

## RULING ON PENDING MOTIONS

DORSEY, Chief Judge.

Defendants move for reconsideration of the ruling on plaintiffs' motion in limine dated January 14, 1994, to exclude the testimony of the plaintiffs' expert witnesses, and to alter or amend the class certification to exclude from the class persons who were voluntarily placed in state mental hospitals.

*Background*

In this action, plaintiffs seek to enjoin defendants' practice of placing and retaining non-dangerous persons with mental retardation or traumatic brain injury in state hospitals for the mentally ill. They claim that the treatment and care they require are not available at these state facilities, and consequently they are placed unnecessarily in mechanical restraints, they do not receive sufficient training to arrest the regression of basic self-care skills, they do not receive adequate clothing and medical care, and they are denied a safe environment.

On July 6, 1990, plaintiffs' motion for class certification of all persons with traumatic brain injury and mental retardation who reside or may reside in the future at Norwich Hospital (Norwich) and Fairfield Hills Hospital (Fairfield) was granted. In October, 1992, the class was expanded to include those persons with traumatic brain injury and mental retardation who reside or may reside in the future at Connecticut Valley Hospital (CVH).

*Discussion*

a. *Motion to alter or amend class certification*

■ Defendants move to alter the class certification to exclude persons who were voluntarily placed in state mental hospitals. The class now encompasses all traumatically brain injured and mentally retarded persons who reside or may in the future reside at Norwich, Fairfield or CVH, with no distinction between those "involuntarily" and "voluntarily" placed in those institutions.

Defendants argue that as a matter of law, those class members who were voluntarily placed in state facilities have no protected right to a certain level of treatment, relying on *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). They contend that *DeShaney* recognized the limits of the duty of the government to provide a certain level of care only "when the State takes a person into its custody and holds him there against his will," *Id.* at 199–200, 109 S.Ct. at 1005, meaning that if the state did not place the individuals in the institution in the first place, their rights to a certain level of treatment are not protected. Defendants allege that *DeShaney* overruled any case law in the second circuit that accorded voluntarily and involuntarily placed individuals equal substantive due process rights.

Plaintiffs argue that the "voluntarily" committed class members are not voluntary in the true sense of the word, and therefore any attempt to distinguish them from the involuntarily committed population is useless. They also contend that there is much legal authority in the second circuit that recognizes that voluntarily placed individuals in state hospitals have constitutional rights equal to those of involuntarily placed patients.

The Due Process Clause of the Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law." Plaintiffs' claim implicates the substantive due process clause of the fourteenth amendment. This clause has been held to guarantee certain basic rights for patients institutionalized in state facilities. *See Youngberg v. Romeo*, 457 U.S. 307, 102 S.Ct. 2452, 73 L.Ed.2d 28 (1982). Defendants would extend these rights only to those placed involuntarily in a state institution.

The issue is not whether individuals placed in state institutions are within the custody of the State, but once there, with the state in complete control of the environment, whether "voluntarily" placed patients are constitutionally entitled to a level of basic rights. *DeShaney* decided that the State is not responsible for actions of private actors against individuals unless it had imposed restraints on the individuals' liberty. As *DeShaney* recognized, the harms that occurred to the petitioner in that case "occurred not while he was in the State's custody, but while he was in the custody of his natural father, who was in no sense a state actor." *Id.* at 201, 109 S.Ct. at 1006.

*DeShaney* does not address a situation, as here, in which the State has agreed to provide care for completely dependent individuals. Once the State has accepted this responsibility, and the individual is physically in state custody, it has also agreed to provide an environment that is consistent with and does not transgress the individuals' basic rights. As articulated in *Youngberg,* "[w]hen a person is institutionalized—and wholly dependent on the State— ... a duty to provide certain services and care does exist...." *Id.* 457 U.S. at 317, 102 S.Ct. at 2459. *See also Society for Good Will to Retarded Children v. Cuomo*, 737 F.2d 1239, 1243 (2d Cir.1984). The mechanism which brought the individuals to the various facilities, whether considered "voluntary" or "involuntary," is not controlling; "in either case they are entitled to safe conditions and freedom from undue restraint." *Society for Good Will,* 737 F.2d at 1245. It is thus inappropriate to alter the class certification to eliminate those individuals "voluntarily" placed in state institutions. The motion to alter or amend class certification (doc. # 151) is denied.

b. *Motion for Reconsideration*

Defendants move the court to reconsider its ruling on plaintiffs' motion in limine. The ruling effectively precluded the introduction

of 48 expert witnesses at trial. Defendants raise many of the same arguments already considered by the court; they will not be reconsidered now. Defendants suggest as an alternative to total preclusion of their witnesses, that a limited number of witnesses be allowed to be named. Plaintiffs allow that they are not opposed to a limited number of witnesses. Accordingly, defendants may call as expert witnesses the seven CVH physicians named in the Trial Preparation Order.

c. *Motion in Limine*

■ Defendants move the court to preclude plaintiffs' witnesses disclosed after the May 1, 1991 disclosure deadline. They allege that because there was a ruling precluding their witnesses disclosed beyond the date for disclosure of witnesses, the court must now also preclude any of plaintiffs' witnesses disclosed beyond this time. It is noted that many of the witnesses of which defendants complain were disclosed soon after the disclosure date, not years later. The few witnesses named thereafter would not constitute a significant burden on defendants to depose; there has been ample opportunity to do so over the past few years. *The motion is* denied.

*Conclusion*

The motion to alter or amend class certification (doc. # 151) is denied. The motion for reconsideration (doc. # 162) is granted in part and denied in part. The motion in limine (doc. # 160) is denied. All depositions and refresher tours are to be completed on or before July 1, 1995. After that date, the parties will be able to be called for trial with twenty-four hour notice.

SO ORDERED.