**FIRST SECURITY BANK,
N.A., Plaintiffs,**

v.

**NORTHWEST AIRLINES,
INC., Defendant.**

**Civil Action No. 95–12103–RGS.**

United States District Court,
D. Massachusetts.

Nov. 19, 1996.

Beth O'Neill Maloney, Peabody & Brown, Boston, MA, for plaintiff.

John C. Bartenstein, Peter L. Ebb, Ropes & Gray, Boston, MA, for defendant.

*Order On Defendant's Motion
to Disqualify Counsel*

ALEXANDER, United States Magistrate Judge.

Parties appeared before this Court on November 8, 1996 for oral argument on defendant's motion to compel and disqualify counsel. Attorney John Bartenstein appeared on behalf of the defendant, and Attorney Beth Maloney appeared on behalf of the plaintiffs.

The plaintiffs in this case filed a complaint seeking a declaratory judgement of the parties rights and obligations under a disputed Aircraft Lease Agreement. Further, plaintiffs seek damages resulting from the defendant's alleged breach of the Lease Agreement and the defendant's alleged unfair and deceptive trade practices.

Through the course of automatic disclosure, plaintiffs revealed the existence of one William Gooch, a former employee of the defendant, as a potential witness. Mr. Gooch was said to have "discoverable information" about the 1989 lease negotiations, the defendant's practice in returning aircraft, and the defendant's adoption, in the early 1990's, of a new practice of building down engines prior to returning the aircraft. Pursuant to this information, defendant sought to depose Mr. Gooch.

The deposition was scheduled, and commenced, at 10:00 a.m. on August 14, 1996. At the outset of the deposition, plaintiffs' counsel informed defendant's counsel that her firm, Peabody & Brown "would be representing Mr. Gooch for purposes of the deposition in the case." Defendant's counsel objected on the ground that there was a conflict of interest. Notwithstanding defendant's objection, the parties proceeded with the deposition.

Defendant, through its attorney, appeared before this court on a motion to compel the completion of the deposition of Mr. Gooch and to disqualify Peabody & Brown from representing Mr. Gooch. At the close of argument this court took the motion to disqualify under advisement and decides the matter now.

The issue before this court is whether Peabody & Brown, plaintiffs' counsel, can

represent Mr. Gooch, a former employee of the defendant's, for the purposes of a deposition. This case presents a perplexing issue to the Court because there is an apparent conflict between very broad principles of fairness and very pointed issues of law. Defendant makes a compelling argument that principles of fairness and the appearance of impartiality of non-party witnesses require that said representation be barred. However, such principled arguments are insufficient if they lack adequate statutory or caselaw support. And as plaintiffs' counsel points out, no law has been advanced to definitively support this contention.

As a legal matter, defendant attempts to persuade this Court that there is a clear conflict of interest between plaintiffs and defendant's former employee's privilege obligation to the defendant. As such, this dual representation violates SJC Disciplinary Rule 5–105(A).

SJC Disciplinary Rule 5–105(A) provides that an attorney shall not accept employment if the exercise of his professional judgement on behalf of his client will be, or reasonably may be, affected. The SJC allows an exception to this rule when, after full disclosure, both of the attorney's clients consent. Defendant argues that as a general rule a former employee's interest is identical to the interest of the employer. Hence, it follows that Mr. Gooch, a former employee of the defendant, has divergent interest from the plaintiffs and cannot be represented by plaintiffs' counsel.

There are two flaws fatal to the defendant's argument. First, defendant has not offered any proof of a clear conflict of interest between the plaintiffs and Mr. Gooch. In fact, according to plaintiffs, Mr. Gooch has agreed to testify on their behalf. Second, pursuant to the exception to SJC Disciplinary Rule 5–105(A), both the plaintiffs and Mr. Gooch have consented to the dual representation after full disclosure. Thus, defendant has failed to demonstrate to this court how Peabody & Brown is violating this Disciplinary Rule.

Next, defendant argues that the prohibition of ex-parte communications with an opposing party's employees should be extended to prohibit representation of the same. Defendant argues that in the interest of protecting a former employer's attorney-client privilege, it logically follows that opposing counsel cannot represent a former employee with respect to this privilege obligation.

Defendant directs the Court's attention to a District of Maryland case which prohibits ex parte contact with an opposing party's former employee, when the lawyer knows or should know that said employee has been extensively exposed to confidential client information. *See Camden v. State of Md.*, 910 F.Supp. 1115 (S.D.Md.1996). However, defendant has not alleged that Mr. Gooch has been extensively exposed to confidential information.[1] Further there are cases in this district which have addressed this issue, and support the emerging consensus that an attorney is allowed to question an opposing party's former employees regarding facts surrounding the pending litigation, provided that she respects the opposing party's attorney-client privilege. *See generally Amarin Plastics, Inc. v. Maryland Cup Corp.*, 116 F.R.D. 36 (D.Mass.1987); and *Siguel v. Trustees of Tufts College*, 52 Fair Empl. Prac.Cos. (BNA), 697, 1990 WL 29199 (D.Mass.1990). *See also* ABA Comm. on Ethics and Professional Responsibility, Formal Op. 91–359 (1991) (contact with former employee of adverse corporate party).

Additionally, in 1978, the ABA issued an informal opinion on a similar matter. ABA Comm. on Ethics and Professional Responsibility, Informal Op. 1425 (1978).[2] The issue before the committee was whether a plaintiff's lawyer could act as an attorney for a

---

**1.** This case is inapposite to the *Camden* case, where the former employee was known by plaintiff's counsel to have regularly discussed Camden's claim with defense attorneys. Further, the former employee engaged in strategy sessions and advised defense attorneys as to the strengths and weaknesses of their case. *Camden,* 910 F.Supp. at 1122.

**2.** Defendant's suggestion that there is any difference between formal opinions and informal opinions with respect to the court's ability to rely on either is unfounded.

non-party witness at a deposition. In that case, plaintiff contacted two former employees of the defendant who agreed to testify on plaintiff's behalf. Both were subpoenaed for deposition by the defendant. Prior to the deposition, plaintiff's attorney was in contact with the witnesses and agreed to represent them at the deposition. The committee found that where the testimony of the witnesses supported the plaintiff's position there was no apparent conflict in plaintiff's counsel representing them. As such, said representation was not prohibited by any ethical rules.

The facts in the case at bar are parallel to those subject to the ABA opinion. Mr. Gooch has agreed to testify on the plaintiffs behalf and Peabody & Brown has not found any conflict of interest to exist. Thus, accordingly, plaintiffs' counsel is not prohibited from representing Mr. Gooch at the deposition.

■ Defendant's concerns about protecting any attorney-client interest between Mr. Gooch and the defendant has not fallen on deaf ears. Rather, this Court is very concerned with the preservation of any attorney-client privilege and cautions Peabody & Brown to proceed in its representation of Mr. Gooch with the utmost care and respect for any such privilege held by the defendant. Notwithstanding said caution, the facts of the case and the precedent before this Court do not support a finding that Peabody & Brown should be disqualified from representing Mr. Gooch.

Concomitant with the above, this Court DENIES defendant's motion to disqualify Peabody & Brown from representing Mr. Gooch.

SO ORDERED.