Nora Palmer FOX, Plaintiff,

v.

THE GATES CORPORATION,
Defendant.

Civ.A. No. 97–WY–2065–AJ.

United States District Court,
D. Colorado.

April 6, 1998.

**304**

Amy F. Robertson, Denver, CO, for Plaintiff.

David B. Seserman, Gorsuch, Kirgis, L.L.C., Denver, CO, for Defendant.

## ORDER RE: DEFENDANT'S MOTION TO COMPEL AND PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

COAN, United States Magistrate Judge.

This matter is before the court on defendant's motion to compel[1] and plaintiff's related Motion for Protective Order [filed March 27, 1998]. Defendant seeks an order requiring plaintiff to provide defendant with the identities of her health care providers; to execute medical releases so that defendant may obtain plaintiff's health care records; and to submit to an independent medical examination ("IME") pursuant to Fed. R.Civ.P. 35. Plaintiff seeks an order prohib-

iting defendant from obtaining the above-requested discovery on the ground that it is privileged and not relevant to the instant action. The matter has been fully briefed.

In this employment discrimination action, plaintiff alleges that defendant violated Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, in refusing to hire her for the position of disability management nurse because of plaintiff's known association or relationship with disabled persons, namely her two disabled sons. Plaintiff seeks compensatory damages for lost wages and benefits, and damages for emotional distress, pain and suffering, humiliation, embarrassment and anguish (hereinafter collectively referred to as "emotional distress damages").

### I. Legal Analysis

#### A. *Discoverability of Plaintiff's Health Care Providers and Medical Records*

Defendant seeks discovery of the identities of plaintiff's health care providers and dates of treatment, and production of plaintiff's medical records, through plaintiff's execution of medical records releases, from January 1992 to the present. Defendant contends that it is entitled to the requested information because it is relevant to its defense against plaintiff's claim for emotional distress damages. Defendant argues that plaintiff has placed her mental condition at issue by requesting damages for emotional distress, thereby waiving any otherwise applicable privileges.

Plaintiff contends that the psychotherapy records which defendant seeks are privileged and that she is therefore entitled to a protective order precluding defendant from discovery of that information. Plaintiff also maintains that her medical records contain no information relevant to her emotional distress claim and that her psychotherapist records are not relevant because the emotional distress she suffered as a result of defendant's conduct had ceased by the time she began counseling sessions regarding a separate occurrence. Plaintiff asserts that the

---

1. Defendant's verbal motion to compel was made during a March 10, 1998 status conference hearing.

information defendant seeks is privileged from discovery under the psychotherapist-patient privilege. Plaintiff also represents that she does not intend to call any of her health care providers to testify at trial in support of her claim for emotional distress damages.

■ The court notes as an initial matter that federal privilege law governs the issues presented as plaintiff's sole claim for relief arises under a federal statute. Fed.R.Evid. 501.

In *Jaffee v. Redmond,* 518 U.S. 1, 15–17, 116 S.Ct. 1923, 1931, 135 L.Ed.2d 337 (1996) the court held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." The *Jaffee* court declined to define the contours of the privilege, however, noting that such definition was more appropriately resolved on a case-by-case basis. *Id.* at 17–19, 116 S.Ct. at 1932.

Neither the Supreme Court, nor the Tenth Circuit Court of Appeals, has recognized the existence of a physician-patient privilege under Fed.R.Evid. 501. *See Whalen v. Roe,* 429 U.S. 589, 602, n. 28, 97 S.Ct. 869, 877, n. 28, 51 L.Ed.2d 64 (1977)("physician-patient privilege is unknown to the common law."); *see, also, Jaffee,* 518 U.S. at 9–11, 116 S.Ct. at 1928 (discussing the need for a psychotherapist-patient privilege and noting that unlike the physician-patient relationship, the psychotherapist-patient relationship is dependent upon an atmosphere of confidence and trust). Accordingly, the court's inquiry regarding the discoverability of plaintiff's general medical records is governed by relevancy standards contained in Fed.R.Civ.P. 26 and considerations of confidentiality.

Fed.R.Civ.P. 26(b) provides that parties may obtain discovery of any non privileged matter which is relevant to the subject matter of the pending action. Under Fed. R.Civ.P. 26(c) the court may exercise its discretion to enter a protective order to pre-clude certain discovery or to conditionally allow the requested discovery.

■ The court finds that defendant is entitled to discovery of the identities of plaintiff's health care providers and the dates of treatment. That information is relevant to plaintiff's claim for emotional distress damages and is not privileged, as it does not pertain to the substance of a confidential communication. *See Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225, 230 (D.Mass.1997).

■ With regard to plaintiff's communications with a psychotherapist,[2] those communications are clearly privileged under *Jaffee,* except to the extent that the privilege may have been waived. The question before the court is whether plaintiff's prayer for emotional distress damages in conjunction with her ADA claim constitutes a waiver of her psychotherapist-patient privilege when plaintiff does not intend to call the psychotherapist as a witness on her behalf.

In *Jaffee,* the Supreme Court noted that the psychotherapist-patient privilege could be waived, *see* 518 U.S. at 15, n. 14, 116 S.Ct. at 1931, n. 14, but expressly rejected the qualification placed on the privilege by the Seventh Circuit Court of Appeals that would have allowed a court to weigh the patient's interest in privacy against an opposing party's evidentiary need for disclosure:

> As we explained in Upjohn, if the purpose of the privilege is to be served, the participants in the confidential conversation 'must be able to predict with some degree of certainty whether particular discussions will be protected. An uncertain privilege, or one which purports to be certain but results in widely varying application by the courts, is little better than no privilege at all.'

*Jaffee,* 518 U.S. at 17, 116 S.Ct. at 1932 (quoting *Upjohn Co. v. United States,* 449 U.S. 383, 393, 101 S.Ct. 677, 684–85, 66 L.Ed.2d 584 (1981)) (discussing attorney-client privilege).

The *Jaffee* court did not specifically address the issue of whether a person can

---

**2.** The court uses the term "psychotherapist" generically to include a psychologist, psychiatrist, counselor or other mental health therapist.

306

waive the psychotherapist-patient privilege by initiating a legal action in which she claims damages for emotional distress. The Tenth Circuit Court of Appeals has not addressed the issue since the *Jaffee* decision, but did in the pre-*Jaffee* decision of *Dixon v. City of Lawton,* 898 F.2d 1443 (10th Cir. 1990). In *Dixon,* the plaintiff brought a 42 U.S.C. § 1983 action against police officers arising out of the shooting death of her son. After the jury found in favor of the defendants on plaintiff's civil rights claims, plaintiff appealed, asserting, inter alia, that the trial court erred in admitting into evidence portions of plaintiff's medical records which plaintiff claimed were privileged. The court assumed without deciding that a psychotherapist-patient privilege existed under the federal common law, but adopted the approach set forth by the Supreme Court in Model Rule 504,[3] and found that the privilege did not apply because plaintiff had made a claim for emotional distress damages suffered by her son prior to his death. *Id.* at 1450–51. Model Rule 504 would have created a psychotherapist-patient privilege, subject to specified exceptions, one exception being that the privilege would not have applied to communications relevant to an issue of the mental or emotional condition of the patient in any proceeding in which the patient relied upon the condition as an element of his claim or defense. Model Rule 504(d)(3); *Dixon,* 898 F.2d at 1450.

Thus, under the governing law in the Tenth Circuit Court of Appeals, plaintiff has waived her psychotherapist-patient privilege with respect to any communications between her and her psychotherapist during the applicable time period as those communications may lead to the discovery of admissible evidence regarding plaintiff's present claim for emotional distress damages. The law in the Tenth Circuit does not distinguish between a plaintiff who intends to rely on the testimony of a treating psychotherapist in support of her case and one who does not.

The court finds that *Jaffee* does not mandate a different result. The *Dixon* court did not balance plaintiff's interest in privacy against the need for evidentiary disclosure of the medical records, as prohibited by *Jaffee,* but rather adopted the rule that a plaintiff who relies on her mental condition as an element of her claim may not assert the psychotherapist-patient privilege to preclude a defendant from obtaining discovery of her mental health records.

Accordingly, assuming that plaintiff's communications with her psychotherapist occurred during the applicable time period, defendant is entitled to discovery of plaintiff's psychotherapy records. Defendant is also entitled to discovery of plaintiff's other medical records generated during the applicable time period as the information contained in those records is not privileged and is relevant to whether the emotional distress which plaintiff claims to have suffered as a result of defendant's conduct can be attributed in whole, or in part, to some other stressor in her life.

█ The court next addresses the applicable time period for purposes of defendant's discovery of plaintiff's medical and psychotherapy records. Plaintiff contends that she has only sought professional counseling one time in the past decade, during the late spring or summer of 1997, in connection with the death of a close family member. Plaintiff represents that the emotional distress she suffered as a result of defendant's actions had ceased as of the date she went to her first counseling session. Because plaintiff does not contend that her emotional distress is ongoing, but instead that the distress from Gates' decision not to hire her ended prior to her first counseling session in 1997, the court finds that the communications between plaintiff and her psychotherapist are not relevant to plaintiff's claim for emotional distress damages. Defendant is therefore not entitled to discovery of any of those counseling

**3.** Model Rule 504 was one of nine privilege rules drafted by the Judicial Conference Advisory Committee on Rules of Evidence and approved by the Judicial Conference of the United States and by the Supreme Court. *See* 56 F.R.D. 183, 240–44 (1972); *Trammel v. United States,* 445 U.S. 40, 47, 100 S.Ct. 906, 910–11, 63 L.Ed.2d 186 (1980). Congress rejected the proposed individual privilege rules in favor of Fed.R.Evid. 501. *Trammel,* 445 U.S. at 47, 100 S.Ct. at 910–11.

records, but defendant is entitled to the name(s) of plaintiff's counselor or therapist and the specific dates of treatment. Defendant may obtain discovery of plaintiff's medical and psychotherapy records, if any, from January 1, 1992 up to the date of plaintiff's first counseling session in the spring or summer of 1997.

The court cautions plaintiff that if she makes a claim, at some later date, that her emotional distress continued into the time period during which she sought counseling in 1997, defendant will be entitled to discovery of any records from her sessions with her psychotherapist.

### B. *Independent Medical Examination*

Defendant contends that the court should exercise its discretion to order plaintiff to submit to an IME under Fed.R.Civ.P. 35(a) because plaintiff has placed her mental condition "in controversy" by claiming damages for emotional distress and because defendant has shown good cause for the examination in that plaintiff's claim for emotional distress damages constitutes the largest part of her overall damages claim.

Plaintiff argues that she has not placed her mental condition "in controversy" and that no justification exists for ordering her to submit to an IME.

Rule 35(a) states:

When the mental or physical condition (including the blood group) of a party, . . . is in controversy, the court in which the action is pending may order the party to submit to a physical or mental examination by a suitably licensed or certified examiner. . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

In *Schlagenhauf v. Holder*, 379 U.S. 104, 118, 85 S.Ct. 234, 242–43, 13 L.Ed.2d 152 (1964), the Supreme Court stated that the "in controversy" and "good cause" requirements of Rule 35 would not be satisfied by conclusory allegations contained in pleadings, or by

assertions of mere relevance to the case. Rather, the movant must make an affirmative showing that the Rule 35(a) requirements have been satisfied. *Id.*

The court must initially determine whether defendant has made an affirmative showing that plaintiff has placed her mental condition "in controversy" by making a claim for emotional distress damages. A minority of courts have held that a plaintiff puts her mental condition "in controversy" by simply making a claim for emotional distress damages as part of an employment discrimination claim. *See Jansen v. Packaging Corp. of America*, 158 F.R.D. 409, 410 (N.D.Ill.1994); *Smedley v. Capps, Staples, Ward, Hastings & Dodson*, 820 F.Supp. 1227, 1232 (N.D.Cal. 1993); *Zabkowicz v. West Bend Company*, 585 F.Supp. 635, 636 (E.D.Wis.1984).

The majority of courts, however, will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present: (1) plaintiff has asserted a specific cause of action for intentional or negligent infliction of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of Fed.R.Civ.P. 35(a). *See Turner v. Imperial Stores*, 161 F.R.D. 89, 93–95 (S.D.Cal.1995) (citations omitted); *Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D.Penn.1995) (citations omitted); *Bridges v. Eastman Kodak Co.*, 850 F.Supp. 216, 221–222 (S.D.N.Y.1994).

Here, plaintiff has not asserted a separate cause of action for intentional or negligent infliction of emotional distress. Plaintiff does not allege a specific mental or psychiatric injury or disorder, nor does she claim unusually severe emotional distress. Instead, plaintiff makes what some courts refer to as a "garden variety" claim for emotional distress damages resulting from defendant's refusal to hire her. *See Turner*, 161 F.R.D. at 97–98; *Sabree v. United Brotherhood of*

*Carpenters & Joiners of America, Local No. 33,* 126 F.R.D. 422, 426 (D.Mass.1989). Plaintiff states in her Opposition to Defendant's Motion to Compel and Plaintiff's Motion for Protective Order that she does not intend to offer expert testimony in support of her claim for emotional distress damages. Finally, plaintiff does not concede that her mental condition is "in controversy" within the meaning of Rule 35(a).

█ Further, defendant's argument that the amount of damages which plaintiff seeks for her emotional distress justifies a court order requiring plaintiff to submit to an IME was expressly rejected in *Turner,* 161 F.R.D. at 97. The court adopts the *Turner* court's determination that the amount of emotional distress damages claimed by plaintiff is insufficient, without more, to justify an IME under Rule 35(a).

Accordingly, the court finds that plaintiff has not placed her mental condition "in controversy" within the meaning of Fed.R.Civ.P. 35(a), nor has defendant shown good cause for an examination.

## II. Order

IT IS **ORDERED** that Defendant's verbal motion to compel is **granted in part and denied in part as follows.** Defendant is entitled to discovery of the identities of plaintiff's health care providers and the dates of treatment from January 1, 1992 to the present. Defendant may have plaintiff execute medical releases authorizing defendant to obtain her medical and psychotherapy records, if any, from January 1992 to the first date on which plaintiff began seeing a psychotherapist in the spring or summer 1997. Defendant is not authorized to engage in ex parte communications with plaintiff's health care providers. Plaintiff may have her medical and psychotherapy records, if any, produced pursuant to a confidentiality agreement. The parties shall submit a joint confidentiality agreement to the court on or before April 20, 1998. Plaintiff shall not be required to submit to an independent medical examination under Fed.R.Civ.P. 35(a).

IT IS FURTHER **ORDERED** that Plaintiff's Motion for Protective Order is **granted** **in part and denied in part** as set forth in the preceding paragraph.