Patricia H. RICKS, Plaintiff,

v.

ABBOTT LABORATORIES, Defendant.

CIV.A. No. WMN–00–1290.

United States District Court, D. Maryland.

Jan. 29, 2001.

Joel P. Bennett, Washington, DC, for plaintiff.

Henry Morris, Jr., Anne L. Milem, Arent Fox, Washington, DC, for defendant.

## MEMORANDUM

BREDAR, United States Magistrate Judge.

On October 19, 2000, this case was referred to the undersigned for resolution of all discovery disputes (Paper No. 21). Pending before the Court is Defendant's Motion to Strike, or, in the Alternative, to Compel Plaintiff to Submit to a Mental Examination (Paper No. 35). I have considered the parties' submissions. No hearing is necessary. See D. MD. R. 105.6. For the reasons set forth below, I deny Defendant's Motion to Strike, or, in the Alternative, to Compel Plaintiff to Submit to a Mental Examination. A separate Order will issue.

### Facts

Plaintiff brought this action against her employer for discriminatory discharge in violation of Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967 and for retaliation under 42 U.S.C. § 1981. In her Amended Complaint, Plaintiff alleged that she was damaged by, inter alia, "the emotional distress, humiliation and personal indignity resulting from such loss of employment and loss of her good name." (Paper No. 15, ¶ 12). In her answer to one of Defendant's interrogatories, she described her injuries and damages to include "embarrassment and humiliation; [and] physical and emotional trauma." (Paper No. 35, Def.'s Mem.). Defendant asked Plaintiff to submit to a mental examination so that it could ascertain the extent of her emotional trauma. Plaintiff refused. Defendant has asked this Court to order Plaintiff to submit to a mental examination pursuant to Rule 35 of the Federal Rules of Civil Procedure or, alternatively, to strike Plaintiff's allegation of emotional distress. It has also asked for a stay of the expert disclosure deadline, presumably to permit it to name a medical expert to examine Plaintiff if the Court orders such an examination.

### Analysis

Events that give rise to lawsuits usually cause the plaintiffs some form of emotional distress. Although this emotional distress sometimes is severe and rises to the level of a clinical condition, it is more often the less serious sort of emotional pain that everyone feels when something bad happens. Plaintiffs often can recover for this emotional distress as an element of compensatory damages. In fact, Congress has expressly authorized victims of unlawful employment discrimination to recover compensatory damages for, inter alia, "emotional pain, suffering, inconvenience, mental anguish, [and] loss of enjoyment of life." 42 U.S.C. § 1981a(b)(3); see also Landgraf v. USI Film Prods., 511 U.S. 244, 253, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). In the present employment discrimination case, Plaintiff seeks to recover damages for her emotional distress. The present motion requires the Court to decide whether it should order Plaintiff to undergo a mental examination pursuant to Rule 35 because she has alleged emotional distress as an element of damages.

Based on her allegation of emotional distress, Plaintiff's mental state is relevant to the case. Mere relevancy is not enough, however, for a court to order a mental examination. Rule 35 authorizes a court to order a mental examination of a party only if the party's mental condition is "in controversy" and there is "good cause shown." FED. R. CIV. P. 35(a). These requirements "are not met ... by mere relevance to the case." Schlagenhauf v. Holder, 379 U.S. 104, 118, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). They require a greater showing of need. See Guilford Nat'l Bank v. Southern Ry. Co., 297 F.2d 921, 925 (4th Cir.1962).

Although "[a] minority of courts have held that a plaintiff puts her mental condition 'in controversy' by simply making a claim for emotional distress damages as part of an employment discrimination claim," the majority of courts "will not require a plaintiff to submit to a medical examination unless, in addition to a claim for emotional distress damages, one or more of the following factors is also present":

(1) plaintiff has asserted a specific cause of action for intentional or negligent infliction

of emotional distress; (2) plaintiff has alleged a specific mental or psychiatric injury or disorder; (3) plaintiff has claimed unusually severe emotional distress; (4) plaintiff has offered expert testimony in support of her claim for emotional distress damages; and (5) plaintiff concedes that her mental condition is "in controversy" within the meaning of [Rule] 35(a).

*Fox v. Gates Corp.*, 179 F.R.D. 303, 307 (D.Colo.1998) (citing, *inter alia, Turner v. Imperial Stores*, 161 F.R.D. 89, 95 (S.D.Cal. 1995) (reviewing cases and observing that courts generally order mental examinations if one of these factors are present)). Under this standard, a party's emotional distress is "in controversy" and the Court may order a mental examination (if the other conditions are met) when the emotional distress is unusually severe, requires an expert to explain, or is described in clinical terms. When the emotional distress is less serious, it is not "in controversy" and the Court will not order a mental examination.

The *Fox* standard reflects a recognition that there is a difference between more serious emotional distress that might be diagnosed and treated as a disorder by a psychiatrist and the less serious grief, anxiety, anger, and frustration that everyone experiences when bad things happen. Plaintiffs may recover damages for either type of distress. Under the *Fox* standard, however, a defendant cannot require a plaintiff to submit to a mental examination when the plaintiff alleges only the latter kind of emotional distress.

This approach is consistent with the role of expert witnesses in our judicial system. Rule 702 of the Federal Rules of Evidence permits expert testimony if the expert's "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. When emotional distress is unusually severe or alleged

in clinical terms, or when another party intends to offer expert testimony about the distress, the testimony of an expert would help the trier of fact understand the nature, severity, and characteristics of the emotional distress. A trier of fact, however, does not need help understanding the ordinary grief, anxiety, anger, and frustration that any person feels when something bad occurs. Most triers of fact are already experts in that. Therefore, a defendant would not need to offer expert testimony on this kind of emotional distress. By the same token, a defendant would not need to consult an expert to understand the ordinary emotional distress that any person in the plaintiff's claimed position would experience. Because laypersons can understand this kind of ordinary emotional distress without the help of an expert, there is no need for an expert to conduct a mental examination of the plaintiff who claims only ordinary and uncomplicated emotional distress.

The *Fox* standard is also consistent with the policy expressed in Rule 26(b)(2) of the Federal Rules of Civil Procedure, which provides in pertinent part that a court may limit discovery "if the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(2). Because an expert is not needed to explain ordinary emotional distress, the likely benefit of a mental examination is minimal. The burden, however, is substantial. Any mental examination involves an intrusion upon the privacy of the subject. This is especially true where, as here, the psychiatrist performing the examination would report the results to an adverse party. In light of the minimal benefit and the intrusive nature of these examinations, the policy of Rule 26(b)(2) also counsels against ordering a mental examination when a party alleges only ordinary emotional distress.

For the foregoing reasons, I agree with the *Fox* standard and apply it to the present dispute.[1] Under the *Fox* standard, Plaintiff

---

1. This standard is not entirely consistent with *dictum* in *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). There, the Supreme Court commented that "[a] plaintiff in a negligence action who asserts mental or physical injury" or "a defendant who asserts his mental or physical condition as a defense to a claim" "places that mental or physical injury clearly in

controversy and provides the [party seeking discovery] with good cause for an examination to determine the existence and extent of such asserted injury." *Id.* at 119, 85 S.Ct. 234. This *dictum* suggests that a medical condition is "in controversy" within the meaning of Rule 35 if it is an element of a claim (as it is with negligence)

is not required to undergo a mental examination. She has not asserted a specific cause of action for infliction of emotional distress but has merely included emotional distress as an element of her damages. She has not alleged a specific mental injury or disorder or claimed unusually severe emotional distress. She has not conceded that her mental condition is "in controversy." These facts all weigh against ordering a mental examination.

Finally, and importantly, Plaintiff has expressly stated that she "does not seek to introduce expert psychiatric evidence." (Paper No. 42, at 5). If Plaintiff did intend to introduce expert testimony on her mental state, I would probably grant Defendant's request for a mental examination so that Defendant could meet Plaintiff's expert testimony with its own. *Cf. McKitis v. Defazio,* 187 F.R.D. 225, 227 (D.Md.1999) (Grimm, J.) (noting that plaintiff's intent to present expert medical evidence supported the Court's decision to require plaintiff to undergo medical examinations). Plaintiff is prevented from introducing expert testimony on her mental state, however, by her representation to this Court that she will not do so. Moreover, she cannot use lay testimony to establish that she suffers from any disorder or that she experienced unusually severe emotional distress as a result of Defendant's actions.

In light of the importance the Court is according Plaintiff's statement in her memorandum in opposition (Paper No. 42), this procedure will be followed: If Plaintiff did not intend to waive her option to call experts and/or to claim that she suffered unusually severe emotional distress, she must notify this Court within ten days of the issuance of this Order. If she so notifies this Court, this Order will be subject to reconsideration. If she does not, she is precluded from calling experts to testify about her mental state or claiming that she suffered unusually severe emotional distress.

In light of the foregoing, I hold that Plaintiff's mental condition is not "in controversy" within the meaning of Rule 35(a). Therefore, Plaintiff is not required to undergo a mental examination.

This holding does not conflict with the Court's previous finding that Plaintiff's physical health was "at issue" (Paper No. 45). The Court made that finding in the context of ruling on Plaintiff's motion to quash a subpoena that sought her medical records. Plaintiff had argued that the subpoena should be quashed because the records were irrelevant (Paper No. 24). The Court disagreed, holding that the records were relevant because her physical health was at issue. As discussed above, a party's medical condition can be relevant, yet not be "in controversy" within the meaning of Rule 35. In ruling on that motion, the Court did not consider whether Plaintiff's physical health was "in controversy" because Rule 45, the rule that authorizes such subpoenas, does not contain this requirement.

I also decline to strike Plaintiff's allegation of emotional distress. Although Plaintiff may not use expert testimony to prove this element of damages at trial, she is entitled to offer lay testimony and other evidence to show that she experienced ordinary emotional distress as a result of Defendant's actions.

Finally, Defendant's request for extra time to disclose its experts is denied. Defendant does not need extra time in light of this Court's ruling that Defendant is not entitled to an examination of the Plaintiff.

### Conclusion

For the foregoing reasons, Defendant's Motion to Strike, or, in the Alternative, to Compel Plaintiff to Submit to a Mental Examination is DENIED. A separate Order will issue.

---

or a defense. Even if this *dictum* correctly states the law, it does not control the outcome here because Plaintiff's alleged emotional distress is an element of damages, not an element of a claim.