Flanagan v. Keller                     CV-00-542-M   12/18/01
                    UNITED STATES DISTRICT COURT

                      DISTRICT OF NEW HAMPSHIRE


Yvette Flanagan,
      Plaintiff

      v.                                 Civil No. 00-542-M
                                         Opinion No. 2001 DNH 223
Keller Products, Inc.,
      Defendant


                          **O R D E R**


      Plaintiff has sued her former employer under Title VII and

the FMLA.  Before the court is defendant's Motion Requesting an

Independent Medical Examination Pursuant to FED. R. CIV. P. 35.

Plaintiff objects.


      The Federal Rules of Civil Procedure provide, in pertinent

part:


            When the mental or physical condition . . . of a
      party . . . is in controversy, the court in which the
      action is pending may order the party to submit to a
      physical or mental examination by a suitably licensed
      or certified examiner. . . .   The order may be made
      only on motion for good cause shown . . . .


FED. R. CIV. P. 35(a); see also Schlagenhauf v. Holder, 379 U.S.

104, 118 (1964).  "The party seeking to compel the evaluation

bears the burden of affirmatively establishing the 'in controversy' and 'good cause' requirements." Ford v. Contra Costa County, 179 F.R.D. 579, 579 (N.D. Cal. 1998) (citing Schlagenhauf, 379 U.S. at 118). As to how the moving party must establish the "in controversy" element, when

> [a]pplying the Schlagenhauf standard, to the "in controversy" requirement, Rule 35 motions
>
> > are typically granted when one or more of the following factors are present: 1. a cause of action for intentional or negligent infliction of emotional distress; 2. an allegation of a specific mental or psychiatric injury or disorder; 3. a claim of unusually severe emotional distress; 4. the plaintiff's offer of expert testimony to support a claim of emotional distress; and/or 5. the plaintiff's concession that her mental condition is 'in controversy' within the meaning of Rule 35.
>
> O'Sullivan v. State of Minnesota, 176 F.R.D. 325, 328 (D. Minn. 1997); see also Fox v. The Gates Corporation, 179 F.R.D. 303, 307 (D. Col. 1998); Sarko v. Penn-Del Directory Company, 170 F.R.D. 127, 131 (E.D. Pa. 1997).

Bethel v. Dixie Homecrafters, Inc., 192 F.R.D. 320, 322 (N.D. Ga. 2000).

While defendant argues that plaintiff's mental condition is in controversy because she has claimed "mental anguish," and

2

because she referred to her mental health history in response to some of defendant's deposition questions, none of the five factors listed in Bethel is met by defendant's proffer in this case. Plaintiff's cause of action for negligent infliction of emotional distress has been dismissed. Plaintiff claims no specific mental or psychiatric injury or disorder. Plaintiff has specifically renounced any claim to damages for unusually severe emotional distress, and claims only the "garden variety" mental anguish normally and reasonably resultant from the acts of harassment she alleges. Plaintiff does not propose to offer expert testimony to support her claim of emotional distress. And plaintiff does not concede that her mental condition is in controversy.

Because plaintiff's case involves a standard claim for mental anguish, see Ford, 179 F.R.D. at 579-80 ("the bulk of the reported case law demonstrates that a claim for emotional distress damages, by itself, is not sufficient to place the plaintiff's mental condition in controversy for purposes of FRCP 35(a)") (citing Turner v. Imperial Stores, 161 F.R.D. 89, 92-97 (S.D. Cal. 1995)), and because defendant has justified its Rule

35 request with nothing more than "mere conclusory allegations [in its] pleadings," <u>Peters v. Nelson</u>, 153 F.R.D. 635, 637 (N.D. Iowa 1994) (quoting <u>Schlagenhauf</u>, 379 U.S. at 118-19), defendant has not met its burden of affirmatively establishing that plaintiff's mental condition is in controversy. Accordingly, defendant's Rule 35 motion (document no. 14) is denied.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

December 18, 2001

cc:   Linda S. Johnson, Esq.
      Mark T. Broth, Esq.

4