Radames **AGOSTO**, Plaintiff,

v.

**TRUSSWAL SYSTEMS CORP. and Ross Operating Valve Company,**
**Defendants.**

Civ. A. No. 91–1557.

United States District Court,
E.D. Pennsylvania.

March 23, 1992.

Wayne C. Parsil, Dale E. Anstine, P.C., Lancaster, Pa., for plaintiff Radames Agosto.

Angelo L. Scaricamazza, Jr., Philadelphia, Pa., for defendant Trusswal Systems Corp.

Rebecca N. Tortorici, Kilgore, Macdonald, Kagen & Tortorici, P.C., York, Pa., for defendant Ross Operating Valve Co.

### MEMORANDUM & ORDER

HUYETT, District Judge.

Plaintiff has brought suit against defendant under a products liability theory. Part of Plaintiff's claim for relief is for future pain and suffering and permanent loss of earning capacity. Plaintiff has tested positive for infection with the HIV virus and Defendant Ross Operating Valve Company ("Ross"), through a motion to compel, seeks access to Plaintiff's medical records and seeks to depose Plaintiff further about his medical history. Plaintiff refuses to answer questions relating to his HIV condition and refuses to consent to the disclosure of the medical records relating to his condition. Plaintiff claims that he is entitled to confidentiality on these matters pursuant to the Pennsylvania Confidentiality of HIV–Related Information Act ("Act"), 35 Pa.S.A. §§ 7601–7612.

Ross argues that it is entitled to discover this information for two reasons. First, Ross argues that to the extent the

HIV-related information is privileged, Plaintiff has waived that privilege by filing a suit which includes claims for future pain and suffering and permanent lost earning capacity. Alternatively, Ross argues that it is entitled to a Court ordered disclosure under Section 7608 of the Act. 35 Pa.S.A. § 7608.

■ If Ross is held liable, damages for these claims will be awarded in part based on evidence of Plaintiff's life expectancy. It is not certain how many of those who test positive for the HIV virus contract AIDS, however, AIDS results from HIV infection and those who contract AIDS have a significantly diminished life expectancy. Therefore, HIV-related evidence of Plaintiff's health is necessary if Ross is to adequately prepare defenses to Plaintiff's claims. Discovery of HIV-related information is within the scope of Fed.R.Civ.P. 26(b)(1) unless this information is protected by privilege or statute.

■ The Court is aware of the delicate nature of HIV and AIDS-related information. Given the nature of the disease and the public's attitudes towards those who contract AIDS or test positive for the HIV virus, Plaintiff's desire to protect the confidentiality of this information is understandable. The legislature gave these desires the force of law when it enacted the Confidentiality of HIV–Related Information Act. Plaintiff's concerns notwithstanding, Ross is entitled to access to the HIV-related information in this case if Plaintiff decides to continue pressing his future pain and suffering and lost earning capacity claims. Ross is entitled to this information both because Plaintiff has waived the privilege associated with this information and because the Act provides for disclosure in cases like this one.

■ Plaintiff voluntarily chose to bring suit in this Court and voluntarily chose to bring claims for future pain and suffering and lost earning capacity. Evidence of life expectancy is necessarily relevant to the prosecution and defense of these claims. One who institutes a civil suit does not automatically waive all privileges provided by the rules of civil procedure. *Mitchell v.*

*Roma,* 265 F.2d 633, 637 (3d Cir.1959). Rather, the Court must balance Plaintiff's interest in protecting the information against Ross' right to prepare its defense, taking into consideration the particular circumstances of each case. *Id.* at 636. In this case, the balance tips in Ross' favor. It is Plaintiff's choice to pursue claims that necessitate the introduction of life expectancy information and basic fairness dictates that Plaintiff should not be allowed to make a potentially large recovery against Ross based on an average life span when, in reality, Plaintiff may well have a shorter than average life expectancy. Under the balancing test announced by *Mitchell,* Plaintiff has waived his privilege to confidentiality of the HIV-related information.

■ Even if the Court were to conclude that Plaintiff had not waived his privilege to confidentiality of the HIV-related information, Ross is entitled to a court ordered disclosure of the HIV-related information pursuant to 35 Pa.S.A. § 7608(a)(1), which provides in relevant part:

> No court may issue an order to allow access to confidential HIV-related information unless the court finds, upon application, that one of the following conditions exists:
>
> (1) The person seeking the information has demonstrated a compelling need for that information which cannot be accommodated by other means....

The legislature defined "compelling need" in Section 7608(c). "In assessing compelling need for subsections (a) and (b), the court shall weigh the need or disclosure against the privacy interest of the individual and the public interests which may be harmed by disclosure." 35 Pa.S.A. § 7608(c). Given that Plaintiff voluntarily brought suit and voluntarily brought claims which bring life expectancy into issue, Ross' interest in preparing an adequate defense provides a "compelling need" within the definition of Section 7608(c). Therefore, Ross is entitled to a court ordered disclosure of the HIV-related information under Section 7608(a)(1).

The Pennsylvania courts and courts of other states have allowed disclosure in similar situations. In *Application of M.S. Hershey Med. Ctr.,* 407 Pa.Super. 565, 595 A.2d 1290 (1991), the Pennsylvania Superior Court allowed a hospital to notify patients who had undergone surgery by a doctor on the hospital's staff who had tested positive for the HIV virus. The Wisconsin Court of Appeals also addressed this issue when it affirmed a trial court's order that a plaintiff suing in malpractice disclose the fact that she was HIV-positive. *Doe v. Roe,* 151 Wis.2d 366, 444 N.W.2d 437 (App.1989). The Wisconsin court held that the trial court did not abuse its discretion when it weighed the competing interests of the parties and ruled in favor of allowing the defendant doctor to introduce the information at trial. *Id.* 444 N.W.2d at 442. In Texas, the Court of Appeals of Texas upheld a trial court's order that directed a hospital to produce the names of blood donors to a patient who had contracted AIDS. *Tarrant County Hospital District v. Hughes,* 734 S.W.2d 675 (Tex.Ct. App.1987); *cf. South Florida Blood Service, Inc. v. Rasmussen,* 467 So.2d 798 (Fla.Dist.Ct.App.1985).

For the reasons given above, Ross is entitled to access to the HIV-related information it seeks. In reaching this conclusion, however, the Court is aware of the sensitive nature of HIV-related information and Plaintiff's concerns that broad publication of this information could leave Plaintiff susceptible to public embarrassment. Accordingly, the Court will take a number of steps to protect Plaintiff's privacy while still allowing Ross access to the information it needs.

An appropriate order follows.

### ORDER

Upon consideration of defendant Ross Operating Valve Company's ("Ross") motion to compel, Plaintiff's response, and the forgoing memorandum of law, Ross' motion to compel is GRANTED. It is ORDERED as follows:

a) Plaintiff shall, within thirty (30) days of the date this order is entered by the Clerk, submit to a supplemental deposition and answer all questions related to the presence of the HIV virus in his body and any other questions related to matters affecting Plaintiff's life expectancy;

b) Plaintiff shall, within thirty (30) days of the date this order is entered by the Clerk, execute all authorizations necessary for Ross to gain access to Plaintiff's complete medical records, including those pertaining to diagnosis, treatment, and prognosis of any HIV-related medical condition;

c) if Plaintiff fails to comply with the terms of (a) and (b) above within the time provided, Plaintiff shall be deemed to have waived his claims for future pain and suffering and lost earning capacity, or any other claim where life expectancy is put in issue;

d) Access to all HIV-related information shall be limited to just those attorneys and support staff directly involved in preparation of this case, and defense counsel shall not allow representatives of the defendant corporation access to the information;

e) defense counsel may reveal the HIV-related information to the minimum number of defendants' experts necessary to properly evaluate the information and prepare the case;

f) all HIV-related information shall be kept in separate envelopes on the front of which shall be affixed the statutory notice found in 35 Pa.S.A. § 7607(e) and defense counsel shall inform each person to whom HIV-related information is disclosed of its confidential nature and that person's duties under the Confidentiality of HIV–Related Information Act;

g) no HIV-related information shall be introduced at trial without prior approval of the Court;

h) at the conclusion of legal proceedings between the parties, defense counsel shall return all HIV-related information to Plaintiff;

i) the Clerk shall seal the record of these proceedings.