**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 12 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

REBECCA MONDRAGON,

    Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

    Defendant-Appellee.

No. 00-1228
(D.C. No. 99-M-1)
(D. Colo.)

**ORDER AND JUDGMENT** *

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.

        After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Rebecca Mondragon appeals the district court's decision affirming the Commissioner of Social Security's denial of benefits. Exercising jurisdiction pursuant to 42 U.S.C. § 405(g), and 28 U.S.C. § 1291, we reverse and remand the matter to district court with instructions to remand to the Commissioner for further proceedings consistent with this order and judgment.

Plaintiff applied for disability insurance benefits under the Social Security Act, alleging that she could no longer work because of pain and stiffness in her hands, arms, left shoulder, and back, and problems from a herniated disc in her neck. The Commissioner denied benefits initially and upon reconsideration.

Thereafter, plaintiff requested a hearing before an administrative law judge (ALJ), who found that plaintiff had chronic myofascial pain syndrome which prevented her from returning to her former job as an assembler and inspector in the electronics industry. The ALJ determined, however, that in spite of her impairments, she could perform most light unskilled jobs based on his own impression that such jobs generally "allow for occasional change of position and do not require regular overhead reaching or lifting. R. at 19. He therefore concluded that plaintiff was not disabled at step five of the sequential analysis. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (detailing five-step analysis). The Appeals Council denied review, thus making the ALJ's

decision the final decision of the Commissioner. The district court affirmed the ALJ's decision.

Plaintiff now appeals. She raises three issues with regard to the ALJ's determination, contending that he committed error in (1) failing to give proper weight to treating physicians' opinions; (2) evaluating her complaints of disabling pain; and (3) relying upon the medical vocational guidelines (the grids). She also claims that the trial court erred by refusing to remand the case for consideration of additional evidence. On appeal, we review the record to determine if it contains substantial evidence to support the Commissioner's decision and if the correct legal standards were applied. See Qualls v. Apfel, 206 F.3d 1368, 1371 (10th Cir. 2000).

## I.      Treating physician rule

Although we determine whether the ALJ followed the "specific rules of law that must be followed in weighing particular types of evidence," Reyes v. Bowen, 845 F.2d 242, 244 (10th Cir. 1988), we do not reweigh the evidence or substitute our judgment for the Commissioner's, see Qualls, 206 F.3d at 1371. In social security disability cases, a treating physician may proffer an opinion about the claimant's impairments and the Commissioner will accord "controlling weight to that type of opinion if it is well supported by clinical and laboratory diagnostic techniques and if it is not inconsistent with other substantial evidence in the

record." Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). A treating physician may opine that a claimant is totally disabled, but "[t]hat opinion is not dispositive because final responsibility for determining the ultimate issue of disability is reserved to the [Commissioner]." Id.

Plaintiff asserts that the ALJ failed to give adequate weight to the medical opinions of the three physicians who treated her for myofascial pain syndrome.[1] In particular, she points out the restrictions placed on her return to work and also the 13% whole-person impairment rating reached by one of the physicians.

It is apparent from the ALJ's decision, however, that he considered the medical record as a whole and concluded that the "objective medical findings" of these physicians were "nil to minimal." R. at 18. He also took into account functional capacity evaluations which "were rendered invalid because the claimant's behavioral profile is one of symptom exaggeration." Id. at 20. The work-related restrictions placed on plaintiff were based primarily on her subjective complaints. As to the disability rating, a physician's finding of 13% disability does not dictate a determination of disability. See 42 U.S.C.

---

[1] "'[M]yofascial pain syndrome' is defined as 'irritation of the muscles and fasciae (membranes) of the back and neck causing chronic pain (without evidence of nerve or muscle disease).'" Smith v. J.I. Case Corp., 163 F.R.D. 229, 231 (E.D. Pa. 1995) (quoting Schmidt's Attorneys' Dictionary of Medicine M-323 (1978)).

§ 423(d)(2)(A) (providing that an individual is disabled for the purpose of social security benefits "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work").

After our review of the record in this case, we determine that the ALJ gave proper weight to the opinions of plaintiff's treating physicians. The ALJ's determination is entirely consistent with the treating physician rule.

## II.    Pain evaluation

A review of plaintiff's principal argument, concerning her allegations of disabling pain, is closely related to our resolution of plaintiff's argument based on the treating physician rule. Because plaintiff's myofascial pain syndrome is an impairment that could reasonably be expected to produce disabling pain, the ALJ was required to determine whether he believed plaintiff's assertion of severe pain, in light of all the relevant objective and subjective evidence. See Winfrey v. Chater, 92 F.3d 1017, 1020 (10th Cir. 1996). Thus, if claimant has a pain-producing problem, the ALJ is required to consider assertions of severe pain and to "decide whether he believe[d them]." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). In making this decision, the ALJ has the duty to make adequate findings, explaining "why the specific

-5-

evidence relevant to each factor led him to conclude claimant's subjective complaints were not credible." Id.

Plaintiff contends that the ALJ's pain evaluation ignored certain findings made by her treating physicians and therefore failed to consider all of the relevant evidence, in violation of Winfrey. She also finds fault with the ALJ's linking of the evidence to his findings, in violation of Kepler. Contrary to plaintiff's assertions, the ALJ's pain evaluation complied with both Winfrey and Kepler.

To reach his determination that plaintiff's pain was not disabling, the ALJ considered the objective medical evidence described above. He also took into account plaintiff's subjective complaints in the context of other pertinent evidence before him. For instance, the ALJ noted that plaintiff's testimony concerning her lifestyle and activities were inconsistent and was contradicted by her physician's progress notes. He observed that plaintiff consistently described her pain at the level of 10+ on a scale of zero to ten, but he saw no indication that she had pain in that range.

Essentially, the ALJ determined that plaintiff's contentions were not credible. "'Credibility determinations are peculiarly the province of the finder of fact,'" and where, as here, they are "'supported by substantial evidence,'" we will not disturb them. Winfrey, 92 F.3d at 1020 (quoting Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990)).

-6-

### III. The medical vocational guidelines

The ALJ used the medical vocational guidelines, or the grids, to meet the Commissioner's step-five burden of showing that there was other work in the national economy which plaintiff could perform. The grids are

> matrices of the four factors identified by Congress--physical ability, age, education, and work experience--and set forth rules that identify whether jobs requiring specific combinations of these factors exist in significant numbers in the national economy. The grids thus may provide a shortcut in certain circumstances to determining whether a claimant can perform other work by obviating the need for a vocational expert's testimony.

Daniels v. Apfel, 154 F.3d 1129, 1132 (10th Cir. 1998) (quotations and citations omitted).

As a general rule, the grids may not be used conclusively if the claimant has nonexertional impairments that limit the ability to do the full range of work within a classification. See Sullivan v. Thompson, 987 F.2d 1482, 1488 (10th Cir. 1993); see also 20 C.F.R. § 404.1569a(c)(2) (stating that "[i]f your impairment(s) and related symptoms, such as pain, only affect your ability to perform the nonexertional aspects of work-related activities, the [grids] do not direct factual conclusions of disabled or not disabled"). However, they may be used to direct a conclusion if the claimant's nonexertional impairments do not significantly reduce the underlying job base. See Evans v. Chater, 55 F.3d 530, 532 (10th Cir. 1995) (holding that the ability to perform a "substantial majority"

of work in RFC assessment suffices for purposes of grids). This is because only significant nonexertional impairments limit the claimant's ability to do the full range of work within a classification.    See Thompson , 987 F.2d at 1488.

Here, plaintiff alleges that the nonexertional impairments found by the ALJ precluded application of the grids. The ALJ determined that plaintiff "retain[ed] the ability to perform light work which allows for occasional change of position and does not require regular overhead reaching or lifting." R. at 19. After making his finding concerning plaintiff's impairments and announcing that most light work jobs could accommodate her impairments, the ALJ    applied the grids mechanically.

The ALJ recognized that plaintiff could not perform all light work jobs. Thus, the he was precluded from relying on the grids for a conclusive determination of nondisability. Moreover, the ALJ's conclusion that plaintiff could perform most light work jobs was not supported by a vocational expert's testimony or any other source. We therefore reverse on this issue and remand the case for the limited purpose of obtaining vocational expert testimony about the occupational consequences of plaintiff's nonexertional limitations.

## IV.    Additional evidence

A district court may remand a case without ruling on the merits if new and material evidence comes to light and there is good cause for failing to submit

such evidence in the earlier proceeding. 42 U.S.C. § 405(g). [2] "In order to find a remand appropriate, we normally must determine that the new evidence would have changed the [Commissioner's] decision had it been before him." Hargis v. Sullivan, 945 F.2d 1482, 1493 (10th Cir. 1991).

The new evidence plaintiff wishes to present concerns a diagnosis of fibromyalgia, made after the hearing before the ALJ. [3] Fibromyalgia describes a condition very similar to myofascial pain syndrome. Stanistreet v. Chater, 21 F. Supp. 2d 1129, 1133 n.11 (C.D. Cal. 1995) (citing 2 Schmidt's Attorneys' Dictionary of Medicine at M-323 (1995 ed.)); see also The Merck Manual 481 (17th ed. 1999) (describing fibromyalgia and cross-referencing myofascial pain syndrome). Accordingly, the fibromyalgia diagnosis would not have affected the determination that plaintiff's pain, though present, did not impair her ability to work. A remand of this case for a consideration of the additional evidence is unwarranted.

---

[2]    Section 405(g) provides, in pertinent part: "The court may . . . at any time order additional evidence to be taken before the [Commissioner], but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . ."

[3]    Fibromyalgia is a term referring to "[a] group of common nonarticular disorders characterized by achy pain, tenderness, and stiffness of muscles, areas of tendon insertions, and adjacent soft tissue structures." The Merck Manual 481 (17th ed. 1999).

**V.    Conclusion**

For the foregoing reasons, the case is remanded to the district court with instructions to remand the case to the Commissioner for further proceedings before the administrative law judge in accordance with this Order and Judgment.

Entered for the Court

David M. Ebel
Circuit Judge