**GERMAINE SCOTT, Petitioner**

**v.**

**UNITED CORP. d/b/a/ PLAZA EXTRA, Respondent, THE HONORABLE EDGAR D. ROSS, Judge, Superior Court of V.I., Nominal Respondent[1]**

D.C. Civ. App. No. 2005/195

District Court of the Virgin Islands

Division of St. Croix

June 1, 2006

---

[1] Because Judge Ross has now retired from the Superior Court, this Court will direct any orders regarding this mandamus action to the Presiding Judge of that Court.

K. GLENDA CAMERON, ESQ., St. Croix, U.S.V.I., *Attorney for Petitioner*.

HEATHER RIPPL, ESQ., VERNE A. HODGE, ESQ., *Attorneys for Respondents*.

FINCH, *Chief Judge, District Court of the Virgin Islands*; GOMEZ, *Judge of the District Court of the Virgin Islands*; and THOMAS, *Judge of the Superior Court of the Virgin Islands, Sitting by Designation*.

## MEMORANDUM OPINION

(June 1, 2006)

Germaine Scott ("Scott" or "petitioner") petitions for mandamus relief from a discovery order requiring her to disclose certain medical records. For the reasons which follow, the petition for writ of mandamus will be denied.

## I. STATEMENT OF FACTS AND PROCEDURAL POSTURE

Scott filed a complaint grounded in negligence, alleging that she suffered physical injuries when she fell after being struck by a shopping cart pushed by a bagger at the Plaza Extra Supermarket in Frederiksted. The complaint sought compensatory damages for physical injuries, medical expenses, mental anguish, pain and suffering, economic damages, and loss of enjoyment of life, for the present and future. [See Civ. Compl., Sup. Ct. Civ. No. 156/2004, March 23, 2004].

In its answer, the respondent denied the allegations and asserted the petitioner's own negligence was the sole cause of her injury and resulting damages. [See Answer, Sup. Ct. Civ. No. 156-2004, May 27, 2004]. In the alternative, the respondent raised the affirmative defenses of contributory negligence, negligence of a third party, and failure to mitigate damages. [*Id.*].

Subsequently, United Corporation ("United" or "Respondent") requested discovery of Scott's medical information, by serving an authorization for release of medical records. Scott executed the authorization for release, but edited the release to the extent it requested information regarding the treatment and diagnosis of HIV/AIDS, mental health, and drug or alcohol abuse, claiming such information was privileged and irrelevant to her claims. United then moved successfully to compel the medical records.

By order entered November 10, 2005, the Superior Court, relying on the language of V.I. CODE ANN. tit. 5, § 855(4), granted United's motion to compel and ordered the release of Scott's medical records as they relate to HIV/AIDS-related conditions and treatment; mental health conditions and treatment; and drug or alcohol abuse diagnosis and treatment. [See Order Granting Mot. to Compel, Nov. 10, 2005]. In compelling release of Scott's medical records in that regard, the Superior Court stated:

The Court finds that in the present matter the Plaintiff's medical condition is a central legal and factual issue. Therefore, the Plaintiff's medical history is accordingly pertinent. Plaintiff's contentions that the medical records in question are not relevant to the present matter are unavailing. Defendant does not seek to discover the Plaintiff's entire medical history. Defendant seeks only to discover Plaintiff's medical history which may be related to Plaintiff's medical condition at issue. Any HIV and/or AIDS-related medical condition, mental health condition, or drug and/or alcohol addiction may be related to Plaintiff's alleged medical bills, mental anguish, pain and suffering, and loss of enjoyment of life.

[Order Granting Mot. to Compel at 2]. Scott thereafter filed this mandamus action to require vacatur of the discovery order.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

The issue raised in this appeal is similar to that presented in *Dade Eng'g Corp. v. Reese*, 2006 U.S. Dist. LEXIS 32639 (D.V.I. App. Div. 2006), in that it seeks immediate mandamus relief from a discovery order implicating a statutory privilege. For the reasons articulated in *Dade*, and without the need to restate the law governing the availability of immediate review of such discovery orders where protected information stands to be disclosed, we hold that mandamus jurisdiction is proper.

Moreover, as we also stated in *Dade*, our review is limited in this instance to whether the trial court committed a clear error of law in failing to grant relief to which the litigant was clearly entitled. *See Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995) (noting that mere abuse of discretion is an inappropriate basis for exercising mandamus jurisdiction where act is discretionary); *Sporck v. Peil*, 759 F.2d 312, 314 (3d Cir. 1985) ("[B]ecause '[w]here a matter is committed to discretion, it cannot be said that a litigant's right to a particular result is clear and indisputable,' a writ of mandamus will only be granted for clear error of law.) (quoting *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36, 101 S. Ct. 188, 66 L. Ed. 2d 193 (1980)) (internal quotation marks omitted).

## B. Order to Compel Medical Discovery

Scott argues the disclosure of her mental health history, substance abuse treatment, and HIV/AIDS diagnosis or treatment lack relevance to her claims and that, given the important interests to be protected, the mere filing of the complaint should not effect a blanket waiver of the physician-patient privilege in that regard.

■ Local law protects from disclosure confidential communications between a physician and patient, including information obtained by an examination. *See* V.I. CODE ANN. tit. 5, § 855(1)-(2) (1997) (noting such information is protected from disclosure in a civil action where the party claims the privilege and the judge finds: 1) the communication was a confidential physician-patient, as defined in the statute, 2) patient or physician reasonably believed the communication was necessary or helpful for a diagnosis or treatment and 3) the witness is the holder of the privilege). However, the statute expressly makes that privilege inoperative to prevent disclosure of patient-physician communications where "the condition of the patient is an element or factor of the claim or defense of the patient." *Id.* at § 855(4). Thus, a relevancy requirement for permissible discovery is engrafted in the statute, and is necessarily defined in accordance with the nature of the claims. *See id.; compare* FED. R. CIV. P. 26(b)(1) and advisory committee notes (applicable through SUP. CT. R. 39) (limiting the scope of permissible discovery to "any matter, not privileged, that is relevant to the claim or defense of any party"; defining "relevant" information which may be discovered as any information which, even if not admissible, is related to the subject matter involved in the action or reasonably calculated to lead to the discovery of admissible evidence).

■ This statutory waiver is in line with the well-accepted view that one cannot bring an action alleging injuries caused by another party and then hide behind a privilege to preclude the adverse party from delving into his/her medical history to determine whether or not the injuries and damages were proximately caused by the defendant. *See e.g., Rhone-Poulenc Rorer Inc. v. Home Indemnity Co.*, 32 F.3d 851, 863 (3d Cir. 1994); *Jackson v. Chubb Corp.*, 193 F.R.D. 216, 220-22 (D.N.J. 2000) (citing *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127, 130 (E.D. Pa. 1997) (based on federal common law). Such waiver is also consistent with the rules favoring liberal discovery to permit parties a fair

opportunity to develop their causes of action or defenses. *See* FED. R. CIV. P. 26(b) advisory committee notes(noting that the discovery rules are intended to permit for the "broad search for facts, the name of witnesses, or any other matters which may aid a party in the preparation or presentation of his case"; noting also that relevance is to be given liberal treatment at the discovery stage).

### 1) Mental Condition

Petitioner argues the information the respondent seeks erodes the privilege by automatically opening up plaintiffs' mental history upon the mere filing of a civil complaint, regardless of its nexus to the injury that is the subject of the action. She asserts that discovery should be limited to the her medical condition directly related to the complaint and to the medical records "actually in controversy" and that mental health records should not be discoverable where the complaint alleges only "garden-variety" mental or emotional claims which were not particularly severe. [Pet. For Mandamus at 4].

Petitioner offers too limited a reading of section 855, in part because of her misplaced reliance on authorities developed under FED. R. CIV. P. 35 (setting an "in controversy" standard for requests for examination of party) and cases outlining the particular standards for determining when a privilege is waived under the laws of various states or the federal common law.

We recognize the split among the various jurisdictions regarding the nature of claims or pleadings sufficient to effect a waiver of analogous privileges under the federal common law, and the main approaches that have been followed in determining when a litigant's mental health records are discoverable. *See e.g., Vasconcellos v. Cybex Intern., Inc.,* 962 F. Supp. 701, 708-09 (D. Md. 1997) (holding that right to discovery is limited to information directly relevant to the lawsuit); *Vanderbilt v. Town of Chilmark,* 174 F.R.D. 225 (D. Mass. 1997) (upholding narrow view of waiver, limiting discovery of medical information to only that privileged communication the plaintiff uses as evidence herself before waiver will be found); *Sarko v. Penn-Del Directory Co.,* 170 F.R.D. 127 (E.D. Pa. 1997) (upholding broader view of waiver, based on whether party places mental condition at issue); *Ruhlmann v. Ulster County Dep't of Soc. Services,* 194 F.R.D. 445, 450 (N.D.N.Y. 2000) (further narrowing waiver, by precluding discovery of privileged mental health

information if only "garden-variety"—generic or incidental claims—are pled, and permitting discovery where severe emotional distress is at issue); *compare, Smith v. J.I. Case Corp.*, 163 F.R.D. 229, 230 (E.D. Pa. 1995) (relied on by the appellant) (noting waiver not found, where plaintiff pled claim for mental anguish and did not claim severe emotional distress; mental anguish claim was insufficient to put mental condition in controversy under FED. R. CIV. P. 35). However, these authorities are applicable to cases decided under the federal common law, in jurisdictions with dissimilar standards for determining waiver, or cases decided under the more stringent requirements for obtaining compelled examination under FED. R. CIV. P. 35—all of which employ a different standard that is potentially at odds with the statutory standard in 5 V.I.C. § 855. We are unpersuaded, however, that those authorities are applicable here, given the existence of an express statute setting the standard for waiver.

We are also unpersuaded that we should follow the line of cases that subscribe to the "garden-variety" claim exception, or other limitations, in determining discoverability of mental records, as the petitioner urges. *See e.g., Ruhlmann*, 194 F.R.D. at 450; *Smith*, 163 F.R.D. at 230 (mental anguish claim was insufficient to put mental condition in controversy under FED. R. CIV. P. 35); *Santelli v. Electro-Motive*, 188 F.R.D. 306, 308-09 (N.D. Ill. 1999) (no waiver found where claim limited to embarrassment, humiliation, upset and other similar emotions and where the trial judge precluded testimony of a physician regarding details of treatment). To do so would be to read into the statute an additional exception not contemplated by the Legislature—that the privilege be waived as to mental health records only where severe emotional distress, rather than incidental mental anguish, is claimed.

■ Scott's negligence claim requires proof that she suffered injury as alleged and that United's negligence was the proximate cause of such injury and resulting damages. United must also establish at trial its defense of contributory negligence. Given this, United is entitled to any records pertinent to Scott's medical condition both prior to and after the incident in question, to aid in refuting issues going to both liability and damages. Accordingly, in light of the express language of section 855

and the damages sought in the complaint, we hold the trial court did not err in compelling disclosure of the petitioner's mental health history.[2]

## 2) Drug and Alcohol Abuse and Treatment

■ For similar reasons, the petitioner's drug or alcohol abuse treatment is discoverable,[3] and goes to the issue of causation of liability and damages.

## 3) HIV/AIDS Diagnosis and Treatment

Because of the social stigma an HIV/AIDS diagnosis engenders and the real likelihood that such a diagnosis would be far attenuated from any injuries alleged in a personal injury action, we appreciate Petitioner's concern regarding an order compelling discovery of HIV/AIDS diagnosis and treatment records. Indeed, such discovery requests should give courts great pause. However, as with other information which falls within the physician-patient privilege, the court's determination whether to compel discovery should likewise be governed by the standard expressed in 5 V.I.C. § 855 (4).

Here, the petitioner seeks damages for present and future pain and suffering, mental anguish, loss of enjoyment of life and economic damages. The determination of future damages necessarily requires an assessment of "one's condition in life and any other fact indicating the susceptibility of the injured person to this type of harm," life expectancy and "all relevant circumstances." *See* RESTATEMENT (SECOND) OF TORTS § 905 comment (i) (discussing measure of recovery for emotional harm), § 924 comments e (proof of life expectancy), f (permissible medical expenses are those "reasonably made necessary by the harm) (citing section 919), d (life expectancy relevant to determining loss of earnings).[4]

---

[2] Perhaps the court might impose limits on such discovery, by limiting the time span covered by its order.

[3] In addition to the privilege provided in 5 V.I.C. § 855, similar protections for alcohol and drug treatment records are included in 19 V.I.C. § 724, which provides a privilege for treatment obtained through government treatment facilities.

[4] The rule of the common law, as expressed in the restatement of law approved by the American Law Institute, and to the extent not so expressed, as generally understood and applied in the United States, shall be the rules of decision in the Courts of the Virgin Islands in cases to which they apply, in the absence of local law of the contrary. V.I. CODE ANN. Tit. 1, § 4.

■■ As the Restatement notes, a plaintiff's physical condition at the time of the injury, as well as life expectancy, is entirely relevant to a determination of damages, as section 924 demonstrates:

> In the case of permanent injuries ... it is necessary, in order to ascertain the damages, to determine the expectancy of the injured person's life at the time of the tort. For this purpose it is permissible to use mortality tables and other evidence as to the average expectancy of a large number of persons. If the plaintiff's physical condition was not that of the average man of his age ... such additional fact is relevant as indicating a modification of the result which would be derived from an average of all persons. In determining the physical condition of the plaintiff at the time of the tort, all relevant facts known at the trial are considered, including facts not known at the time of the tort (see § 910). Thus if the injured person was, unknown to him, suffering from a serious malady at the time of the accident, his life expectancy includes a consideration of such fact.

See RESTATEMENT (SECOND) OF TORTS § 924 comment e (emphasis added); *compare, Agosto v Trusswal Systems Corp.*, 142 F.R.D. 118 (E.D. Pa. 1992) (holding that HIV/AIDS information was relevant to products liability claim where claim included future pain and suffering and permanent loss of earning capacity, which placed life expectancy in issue). Given the relevancy of the petitioner's physical condition to her claim of damages, the trial court did not err in its determination that the respondent was entitled to discovery of information regarding HIV/AIDS diagnosis, treatment and prognosis.

While we find no error in the trial court's order compelling discovery, we appreciate the petitioner's concerns and trust the court will institute such additional safeguards as it deems necessary to protect the petitioner from undue embarrassment or humiliation resulting from inappropriate use of the disclosed information.

### III. CONCLUSION

For the reasons herein stated, the trial court's order compelling discovery will be affirmed. An appropriate order follows.