**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 05-2814

MIRIAM CANDELARIA,

Plaintiff, Appellant,

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Daniel R. Domínguez, U.S. District Judge]

Before

Selya, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lipez, Circuit Judge.

Felix M. Zeno Gloro on brief for appellant.
H.S. Garcia, United States Attorney, Jose M. Pizarros-Zayas,
Assistant U.S. Attorney, and Robert M. Peckrill, Special Assistant
U.S. Attorney, on brief for appellee.

September 13, 2006

**Per Curiam**.  Claimant Miriam Candelaria appeals from the district court judgment affirming the denial of Social Security disability benefits.  In the underlying administrative proceedings, the administrative law judge (ALJ) determined that claimant suffered from the following severe impairments:  (1) depression; (2) anxiety; and (3) a back condition.  The ALJ also specifically determined that claimant's back condition precluded her from engaging in frequent bending or frequent overhead reaching -- nonexertional limitations.  At the end of the sequential evaluation process, the ALJ concluded that, although claimant could not return to her past work, she (claimant) nonetheless retained the residual functional capacity (RFC) to perform substantially the full range of light work and that this range had not been reduced by any nonexertional limitations.  Using the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, App. 2 (grid), as a framework, the ALJ concluded that claimant was not disabled.  Although we reject most of claimant's arguments on appeal, we agree with her that reliance on the grid in this case was in error.

Where a claimant cannot return to her past work, as here, the Commissioner bears the burden of proving the existence of other jobs in the national economy that the claimant can perform.  See Ortiz v. Sec'y of HHS, 890 F.2d 520, 524 (1st Cir. 1989) (per curiam).  The grid allows the Commissioner to satisfy this burden without having to resort to the testimony of a vocational expert

-2-

(VE). Id. However, the use of the grid is permissible only if a claimant's nonexertional limitations do not impose significant restrictions on the range of work that the claimant is exertionally able to perform. Id. In situations where a nonexertional impairment does "significantly affect" a claimant's capacity to perform the full range of jobs she is otherwise exertionally capable of performing, "the [Commissioner] must carry [her] burden of proving the availability of jobs in the national economy by other means, typically through the use of a vocational expert." Id. (internal quotation marks and citations omitted).

Here, there is no question that claimant's inability to bend frequently does not significantly affect the full range of light work that she otherwise can perform. The Commissioner, in describing what nonexertional abilities are necessary to perform the full range of light work, has stated that a person "would need to [bend] only occasionally." Social Security Ruling 83-14, 1983 WL 31254, at *2 (emphasis added). Because the ALJ's findings did not preclude claimant from such occasional bending -- which findings are supported by the non-examining RFC assessment -- claimant's limitation in this regard did not prevent reliance on the grid.

As for the ability to reach, the Commissioner has stated that this ability -- which is defined as "extending the hands and arms in any direction" -- is required "in almost all jobs" and that

"[s]ignificant limitations of reaching . . . may eliminate a large number of occupations a person could otherwise do." Social Security Ruling 85-15, 1985 WL 56857, at *7. As a result, the Commissioner has explained that "[v]arying degrees of limitations [in reaching] would have different effects, and the assistance of a [VE] may be needed to determine the effects of the limitations." Id.

Here, the ALJ found only a limited restriction on reaching -- i.e., he found that claimant was precluded from frequent overhead reaching. Apparently, since the ALJ determined that claimant's capacity for the full range of light work had not been reduced by any nonexertional limitations, he implicitly had decided (or had assumed) that such a limited restriction on reaching did not significantly affect this range. Unlike with the issue of bending, however, the Commissioner does not cite to anything in the regulations or rulings that would support the ALJ's implicit decision.

A similar case is Mondragon v. Apfel, 3 Fed. Appx. 912 (10th Cir. 2001). In Mondragon, the ALJ had determined that although the claimant could not return to her former work, she nonetheless could perform light work which (1) permitted an occasional change of position and (2) did not require "regular overhead reaching or lifting." Id. at 915 (internal quotation marks and citation omitted). Based on "his own impression" that

most light jobs "allow for occasional change of position and do not require regular overhead reaching," the ALJ relied on the grid to find that the claimant was not disabled. See id. The Tenth Circuit ordered a remand for the purpose of obtaining the testimony of a VE, noting that the ALJ's "impression" that the claimant could perform most light jobs was not supported either by such testimony or by any other source. Id. at 917.

We think that the same reasoning applies here. The ALJ's assumption (or implicit decision) that the full range of light work would not be significantly reduced by a limited restriction on overhead reaching may very well be correct. However, the only support for this assumption is, as in Mondragon, the ALJ's own impression. In such a situation, we think that an expert's opinion is required for an assessment of the significance of claimant's reaching restriction.

The judgment of the district court is vacated and the case is remanded to that court with instructions to remand, in turn, to the Commissioner for further proceedings consistent with this opinion. We express no view as to the eventual outcome of the claim. No costs are awarded.

So ordered.